## FRED LAMPE vs. HAROLD N. SIMPSON.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The jury might reasonably have found that when the plaintiff left the curb at the northeast corner of Third Avenue and Seventy-second Street in New York City, he observed the defendant's truck about two hundred and fifty feet distant being driven in a northerly direction along the easterly rails of the double trolley tracks situated in the center of the avenue and, thinking he had time to cross, traversed the twenty-four feet between the curb and the pillar supporting the elevated railway. At that point he looked to the north for approaching traffic and seeing none, was about to step onto the easterly trolley track when he was struck by the truck, the speed of which had, in the meantime, been increased. *Held* (*two judges dissenting*) that the jury might reasonably have concluded that the plaintiff was free from contributory negligence.

The trial judge and the jury are in a peculiarly advantageous position to determine whether the apparently inconsistent answers of a witness testifying in a foreign language are not, in reality, due to misunderstandings between him and the interpreter; and their conclusions, as evidenced by the verdict and the ruling upon the motion to set it aside, will not be lightly disregarded by this court.

Argued April 14th—decided June 28th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the jury before *Simpson, J.;* verdict and judgment for the plaintiff for $10,000, and appeal by the defendant. *No error.*

*Carl Foster,* for the appellant (defendant).

*Raymond E. Baldwin,* for the appellee (plaintiff).

HINMAN, J. The only error assigned is the denial by the trial court of the defendant's motion that the

verdict be set aside as against the evidence, and the sole question presented is whether, upon the evidence, the jury could hold that, as the verdict imports, the plaintiff was free from contributory negligence. The plaintiff, at the time re was injured, was crossing Third Avenue in New York City, from east to west, at the northerly side of Seventy-second Street. The defendant's truck was being driven northerly along Third Avenue, in the northbound or easterly track of double trolley tracks situated in the center of the avenue, and came in contact with the plaintiff just as the latter was stepping upon that track. The distance from the easterly curb to the easterly rail of the track was testified to as twenty-three feet, eleven inches. The plaintiff testified on direct examination that before he started to cross the street he "looked on all sides" to see if automobiles were coming, saw the defendant's truck coming at Seventy-first Street, which was about two hundred and fifty feet distant, thought he had sufficient time to cross; that when he reached the pillar supporting the elevated railroad tracks, near the trolley tracks, he looked up-town (north) to see if any traffic was approaching from that direction, saw none, and was about to step on the track when the truck struck him. This version of the plaintiff's conduct with reference to looking for approaching traffic was substantially corroborated by other witnesses. There was also abundant evidence that the speed of the truck was increased as it approached and crossed Seventy-second Street. Upon such a state of facts the question as to whether the plaintiff's conduct was negligent and a proximate cause of the accident would be, clearly, for the jury and they might reasonably answer it in the negative. *Perry* v. *Haritos,* 100 Conn. 476, 479, 124 Atl. 44; *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 21 Atl. 675, 22 id. 544.

The contention of the defendant to the contrary is based mainly upon the fact that the record discloses that the plaintiff, on cross-examination and re-direct, while reiterating, in answer to questions, his former testimony that he last saw the defendant's truck when it was crossing Seventy-first Street, and that he looked in the opposite direction when he neared the trolley tracks, also, being asked, in substance, if he saw the truck all the time from the time it was at Seventy-first Street until he was struck by it, gave affirmative answers to these questions.

The plaintiff is a German, three years in America, and spoke so little English that he testified through an interpreter. The record shows that the witness had frequent difficulty in understanding the questions as translated by both of the two interpreters who were used, and the second, who was serving during the cross-examination and re-direct, later testified that the plaintiff spoke Platt Deutch, a different German dialect from that spoken by the interpreter. The inconsistent answers above-mentioned, together with the frequently recurring difficulties as to translation, give the impression, upon a mere reading of the record, that lack of understanding between witness and interpreter may well have been responsible for the seeming contradictions. The jury and the trial court were in a much more advantageous situation to determine which answers were credible and which mistaken or misunderstood, and their respective conclusions, as evidenced by the verdict, rendered under adequate instructions, and the refusal to set it aside, are not to be lightly disregarded.

Furthermore, that a person who was constantly watching an approaching truck would, notwithstanding, walk into or in front of and be struck by it, is so patently improbable as not to be readily credited.

Also, even if the testimony of the plaintiff as to this point were entirely disregarded, there was sufficient evidence of other eyewitnesses to justify the jury in finding lack of contributory negligence.

There is no error.

In this opinion HAINES and BANKS, Js., concurred.

WHEELER, C. J. (dissenting). The elevated railway in the center of Third Avenue with its piers and supports divided the avenue practically into three separate ways, each about twenty-four feet wide, one between the supports and under the elevated railway, upon which was a northbound and a southbound trolley track, each track being near the piers and supports, and on each side of this way was an open way. All of these ways were used for vehicular traffic. The distance of these piers and supports from each other and their dimensions are such as to enable a traveler crossing on foot from the east curb to the west to see a trolley car or other vehicle approaching under the railway from either direction for over three hundred feet, and likewise such as to enable a motorman of the trolley car or a driver of any vehicle along the trolley tracks to see a traveler after he leaves either curb and while he is crossing the street. The defendant's truck was being driven northerly along this avenue upon the northbound or easterly trolley track. The plaintiff, as he was about to step from the east curb to cross the avenue, looked to the south to see if automobiles were approaching and saw defendant's truck approaching about two hundred and fifty feet distant; he then walked across the easterly way or section of the avenue. When he reached the pillar supporting the railway tracks he did not look to the south, and had not looked to the south for the ap-

proaching truck since he was about to leave the east curb; he did look to the north for approaching traffic and seeing none was in the act of stepping on the trolley track when the right side of defendant's truck struck him.

I am of the opinion that the man of ordinary prudence under the same circumstances, conscious as he must have been of the liability of this truck to reach the point of his crossing before he could pass the twenty-eight feet required to avoid it while the truck was traveling the two hundred and fifty feet, would have again looked for the approaching truck before attempting to cross the trolley track. In not so looking the plaintiff failed to exercise reasonable care and his failure was clearly a proximate cause of his injuries. The motion to set aside the verdict should have been granted.

In this opinion MALTBIE, J., concurred.