EMMA LEPRI *v.* TOWN OF BRANFORD ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued and submitted on briefs October 7—decided December 2, 1964

*Nathan A. Resnik,* with whom, on the brief, were *Cornelius T. Driscoll* and *John J. Resnik,* for the appellant (defendant borough of Branford).

*Charles Henchel* and *Alphonse DiBenedetto,* on the brief for the appellee (plaintiff).

COMLEY, J.  The jury in this case might reasonably have found that, as the plaintiff was walking with two companions in a westerly direction on Main Street in the defendant borough of Branford, she tripped and fell in front of a store owned by the defendant A. Horwitz of Branford, Inc., and injured her left leg.  A verdict was returned in favor of the plaintiff against the borough of Branford alone.  In its appeal from the judgment rendered thereon, the borough made numerous assignments of error, but the one which merits the most serious consideration is the one reciting that the court should have granted the motion to set aside the verdict since it was unsupported by the evidence.  In reviewing this claim, we do not examine the finding but only the evidence as set forth in the appendices to the briefs and in the exhibits.  Practice Book § 718; Maltbie, Conn. App. Proc. § 185.

It appears that, after the plaintiff fell, she and one of her companions went by bus to New Haven. They soon returned and went to the scene of the accident, where they observed a jagged triangular hole in the concrete sidewalk.  Although the testi-

mony of the plaintiff and her companion as to the nature and exact location of the hole is not as precise as might be desired, we take note of the fact that both spoke through an interpreter. Under these circumstances, the question of credibility was peculiarly within the province of the jury. *Lampe* v. *Simpson,* 106 Conn. 356, 358, 138 A. 141. We conclude that the jury could reasonably find that the plaintiff's injury was caused by a defect in the sidewalk and that the defect had been there sufficiently long to charge the borough with notice of its existence. Upon the latter issue, the jury were entitled to consider the character and appearance of the defect as it was depicted in the photographs introduced in evidence. *Cagianello* v. *Hartford,* 135 Conn. 473, 477, 66 A.2d 83.

The borough also claims that the plaintiff failed to establish that she fell on the portion of the sidewalk under its control and not on the portion owned by and under the control of the Horwitz store. The parties apparently agree that no formal action was ever taken by the borough to establish a street line. It is undisputed, however, that there is on file in the office of the town clerk of Branford a map which is entitled "Map of Main Street Showing Street Lines Established May 1st 1897." In the course of the trial and in their briefs, both parties refer to a "deeded street line" although no explanation of that description is given. On the basis of the record as it has been submitted to us, we shall treat the line shown on the map as a street line which has been recognized as such since the date of the map. This line is parallel to the face of the Horwitz building and south of it for a distance which varies from three feet and eleven inches to four feet. The section between the building and the

street line is paved as a part of the sidewalk, which extends farther south by about ten feet to the curb line. This width of approximately fourteen feet is divided into three concrete sections. The most northerly of the three sections extends from the southerly face of the Horwitz building to the "deeded street line" except that, for a distance of about twenty-eight feet, the street line is slightly south of this concrete section, but in no place is the variation between the two lines more than one inch.

It is the borough's claim that, since the defect which caused the plaintiff's fall is an irregular hole, triangular in shape and several inches in length, which may have extended as much as one inch north of the street line, the plaintiff has not offered evidence from which the jury could reasonably find that the fall occurred on the borough property and not on the Horwitz store property. We feel that this claim requires a mathematical nicety in the proof of the plaintiff's case which is unreasonable. Moreover, the defect was entirely in the middle section of the three concrete sections into which the sidewalk was divided. This section was, as a practical matter, entirely within the control of the borough even though the most northerly one inch of it may have been north of the street line. Under all the circumstances, it was peculiarly within the province of the jury to fix the point of the fall.

The borough has made numerous assignments of error in addition to those discussed above. It is sufficient to say that they either are without merit or involve harmless error.

There is no error.

In this opinion KING, C. J., and SHANNON, J., concurred; MURPHY and ALCORN, Js., dissented.