LYDIA WOOSTER ET AL. *v.* THE WM. C. A. FISCHER PLUMBING AND HEATING COMPANY ET AL.

KING, C. J., MURPHY, ALCORN, HOUSE and THIM, Js.

Argued May 4—decided June 6, 1966

*Joseph N. Perelmutter,* for the appellants (plaintiffs).

*David M. Reilly, Jr.,* for the appellees (defendants).

ALCORN, J.  The plaintiffs have appealed, assigning as the only ground of error the court's action in setting aside the verdict and ordering a new trial because of the prejudicial effect of a ruling made during the trial.

There is no finding, and consequently we turn to the memorandum of decision on the motion to set aside the verdict to learn the basis for the court's action.  *Postemski* v. *Watrous,* 151 Conn. 183, 186, 195 A.2d 425.  In its memorandum the court said: "In the examination of the defendant operator, who was called as an adverse witness by the plaintiffs' attorney, the Court permitted the question 'Did you plead guilty to a charge of failure to grant

the right of way at an intersection'? The defendant operator answered 'no' and later on in his testimony volunteered 'I pleaded nolo contendere.' In permitting the question, the Court was under the impression that the defendant operator pleaded guilty to the charge as indicated by a State Police report of the accident and would actually testify to that effect. Actually, unknown to the Court, the record of the Circuit Court indicated a plea of nolo contendere. If the Court knew the true state of affairs, it would not have permitted the question. It was not only inadmissible in view of the plea of nolo contendere but contained prejudicial implications. . . . The prejudicial and injurious effect of such a question and answer was such that it deprived the defendants of a fair trial. . . . The verdict was excessive. How much of the verdict can be attributed to prejudice is unknown. The ordering of a . . . [remittitur] would not be the solution in view of this unknown factor which may run deep into the liability aspects of the matter."

It is apparent that the court set the verdict aside because of a ruling which it had made during the trial, the result of which it considered to be so prejudicial that it probably affected not only the size of the verdict but also the jury's determination of the liability issue.

The trial court is vested with a large discretion over matters occurring in the conduct of the trial. While this is a judicial discretion and therefore subject to some degree of review and control, its exercise will not be interfered with unless it has been clearly abused to the manifest injury of a litigant. *McKiernan* v. *Lehmaier*, 85 Conn. 111, 119, 81 A. 969.

We are confronted by the question whether the

appeal record affords us the opportunity, under our procedure, to consider the claimed error which the plaintiffs seek to raise. We can decide the merits of an appeal only on the record presented. *State* v. *Keating,* 151 Conn. 592, 595, 200 A.2d 724. When the court's action on a motion to set aside a verdict is attacked on the ground that the verdict is unsupported by the evidence, the claim is reviewed on the evidence set forth in the appendices to the briefs and the exhibits. Practice Book § 718; *State* v. *Carroll,* 152 Conn. 703, 204 A.2d 412; *Lepri* v. *Branford,* 152 Conn. 210, 211, 205 A.2d 486; Maltbie, Conn. App. Proc. § 195. Where, however, the attack is based upon something which has occurred during the course of the trial, a finding is necessary. Practice Book § 609; *Munson* v. *Atwood,* 108 Conn. 285, 289, 142 A. 737; Maltbie, Conn. App. Proc. § 198; see *Gesualdi* v. *Connecticut Co.,* 131 Conn. 622, 632, 41 A.2d 771.

Quite obviously, the sketchy outline of the episode alluded to in the court's memorandum could not furnish a basis for testing the correctness of the action complained of. Since there is no finding, we are uninformed whether an objection was made, what form it took if it was made, what the ruling of the court was if there was any, or whether an exception was taken if there was an adverse ruling. "A finding of facts showing the facts as claimed to have been proven, and the precise language used which the court held to be improper as nearly as the same can be given, together with such of the issues as were involved in the language used, with a fair statement of facts showing the resulting prejudice or the reverse from the use of this language, is essential to our determination as to whether the use of the language was improper and legally harm-

ful." *Munson* v. *Atwood,* supra. In the absence of a finding, the plaintiffs have failed to present a record adequate to test the exercise of the court's discretion in ruling on the motion. *Gesualdi* v. *Connecticut Co.,* supra.

There is no error.

In this opinion the other judges concurred.