ROBERT P. O'BRIEN ET AL. *v.* JULIO CORDOVA

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued April 13—decision released July 20, 1976

*William F. Gallagher,* with whom, on the brief, was *John R. McGrail,* for the appellant (defendant).

*Robert C. Flanagan,* with whom was *John C. Flanagan,* for the appellees (plaintiffs).

PER CURIAM. The defendant, Julio Cordova, has appealed from a judgment rendered on a jury verdict for the plaintiffs, Robert P. O'Brien and Ann O'Brien and their minor children, Dean and

Robert, Jr., in their action to recover damages for their injuries. The plaintiffs' complaint states that Raymond Perez, while acting as Julio Cordova's agent and within the scope of his authority, negligently operated Cordova's motor vehicle at an unreasonable rate of speed, failed to keep his vehicle under proper control, failed to maintain a proper lookout, failed to give a signal of his approach, failed to stop at a stop sign, and followed the O'Brien vehicle too closely in violation of General Statutes § 14-240. Cordova's principal claim, the resolution of which is dispositive of this appeal, is that the trial court erred in denying his motion to set aside the verdict and his motion for judgment notwithstanding the verdict because the plaintiffs failed to prove any of their allegations of negligence.

The complaint alleges that while stopped at a stop sign on a public highway, O'Brien's motor vehicle was struck in the rear by the motor vehicle operated by Perez. In considering whether there was sufficient evidence to support a verdict, the evidence as printed in the appendices to the briefs is consulted. *Raia* v. *Topehius,* 165 Conn. 231, 237, 332 A.2d 93; *Lepri* v. *Branford,* 152 Conn. 210, 211, 205 A.2d 486.[1]

The defendant's brief has no appendix and the appendix to the plaintiffs' brief only reveals, in substance, the following: The impact of the collision caused Robert O'Brien to be thrown back and then forward on the wheel. After the accident, Robert O'Brien got out of his vehicle and the operator of the other vehicle showed him the defend-

---

[1] As the finding was filed June 18, 1969, the appellate procedure in this case is controlled by the provisions of the Practice Book prior to October 1, 1974.

ant's motor vehicle registration. Sometime after the accident Cordova and Perez came to his home. Ann O'Brien stated: "We were stopped for a stop sign, and all of a sudden we felt a big bang behind us—go to turn around and someone had hit us. The children—one of them came flying over and hit his chest on the back seat and landed in the front, and the little one got caught. He hit his chest near the arm rest of the car, the back of the car." Cordova stated that when he heard about the accident he looked for Perez. When he talked to Perez, the latter stated: "I had an accident. I only hit the —broke a tail light of a car." He also said that no one was hurt. Cordova then drove to O'Brien's residence and asked O'Brien to identify Perez.

To support a verdict in a negligence case, there must be sufficient evidence of the defendant's negligence to remove the issue from the field of surmise and conjecture. *Chasse* v. *Albert,* 147 Conn. 680, 683, 166 A.2d 148; *Palmieri* v. *Macero,* 146 Conn. 705, 708, 155 A.2d 750. "The test of the validity of the jury's determination depends upon whether the evidence, fairly and impartially considered, would be likely to induce in the minds of twelve men of ordinary intelligence attentively considering it and using common-sense logic 'a reasonable belief that it is more probable than otherwise that the fact in issue is true.' *Darrow* v. *Fleischner,* 117 Conn. 518, 520, 169 Atl. 197." *LeBlanc* v. *Grillo,* 129 Conn. 378, 382, 28 A.2d 127; *Peters* v. *Billick,* 147 Conn. 699, 702, 166 A.2d 146. The plaintiffs argue that, from the facts recited, the jury could have inferred negligence on the part of Perez. The trier of facts may draw reasonable inferences from the facts in evidence to determine the rights and obligations of litigants, but to be log-

ical and reasonable the trier must rest upon some basis of definite facts, and any conclusion reached without such evidential basis is a mere surmise or guess. *Latham* v. *Hankey,* 117 Conn. 5, 10, 166 A. 400. The evidence, considered in a light most favorable to the plaintiffs, is clearly insufficient to support a verdict in their favor. All the evidence indicates is that there was a rear-end collision. Common experience shows that motor vehicle accidents are not all due to driver negligence. *Toomey* v. *Danaher,* 161 Conn. 204, 207, 286 A.2d 293. The statements of the operator cannot be interpreted as an admission of any negligent conduct. The writ and summons indicate that Perez was a defendant, but both parties agree that he was never served and was unavailable at the time of trial. Consequently, no adverse inference could have been drawn by his absence, as allowed by the rule in such cases as *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598. "[A] plaintiff cannot merely prove that a collision occurred and then call upon the defendant operator to come forward with evidence that the collision was not a proximate consequence of negligence on his part. Nor is it sufficient for a plaintiff to prove that a defendant operator might have been negligent in a manner which would, or might have been, a proximate cause of the collision. A plaintiff must remove the issues of negligence and proximate cause from the field of conjecture and speculation." *Badela* v. *Karpowich,* 152 Conn. 360, 362, 206 A.2d 838.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant notwithstanding the verdict.