[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (NO. 113)
The issue is should the plaintiff's motion for summary judgment be granted on the ground that there is no genuine issue of material fact as to whether the defendant was negligent in causing the motor vehicle accident that injured the plaintiff.
The plaintiff has not met her burden of demonstrating the nonexistence of any genuine issues of material fact; therefore the plaintiff's motion for summary judgment is denied.
On October 26, 1993, the plaintiff, Christine Kalagian, filed a one count complaint against the defendant, Harry Wagner. The plaintiff alleges that on November 14, 1992, the defendant carelessly and negligently drove his car into the rear of her car. The plaintiff alleges that the defendant was negligent in that he failed to keep a proper lookout; failed to keep his vehicle in CT Page 12287 control; failed to apply the brakes; failed to keep a proper distance between his car and the plaintiff's car; failed to sound any warning of his approach; and failed to avoid the accident. The plaintiff alleges that she sustained injuries as a result of the accident.
On July 6, 1994, the defendant filed an answer to the plaintiff's complaint. In his answer, the defendant denies that he was negligent in any of the ways alleged by the plaintiff. On October 17, 1994, the plaintiff filed a request for admissions. On October 27, 1994, the defendant filed his response to the request for admissions, in which he admits that his car struck the plaintiff's rear bumper and that he failed to stop his car before striking the plaintiff's car.
On November 1, 1994, the plaintiff filed a motion for summary judgment on the ground that there are no genuine issues of material fact as to the defendant's liability for the accident. Pursuant to Practice Book § 380, the plaintiff filed a memorandum in support of the motion and attached her affidavit and a police report. The defendant timely filed a memorandum in opposition to the motion.
The motion for summary judgment is "designed to eliminate delay and expenses of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). Summary judgment is appropriate when "`the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corporation, 229 Conn. 99, 105, 639 A.2d 507
(1994). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts."Suarez v. Dickmont Plastics Corporation, supra, 105-06. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw,193 Conn. 442, 446, 476 A.2d 582 (1984).
The plaintiff argues that the defendant's admissions, her CT Page 12288 affidavit, and the police report[1] show that there are no genuine issues of fact regarding the defendant's liability for the accident. The defendant argues that negligence cases are particularly inappropriate cases for summary judgment.
As noted above, the test for determining a motion for summary judgment "is whether a party would be entitled to a directed verdict on the same facts." Suarez v. Dickmont PlasticsCorporation, supra, 229 Conn. 105-06. "To support a verdict in a negligence case, there must be sufficient evidence of the defendant's negligence to remove the issue from the field of surmise and conjecture." O'Brien v. Cordova, 171 Conn. 303, 305,370 A.2d 933 (1976). "Common experience shows that motor vehicle accidents are not all due to driver negligence." Id., 306.
"Pursuant to Practice Book § 238, a party may serve on any other party a request for admission of the truth of any matter relevant to the disposition of the pending action. Generally, any matter admitted by the party to whom the request is made is conclusively established. Practice Book § 240." Martins v.Connecticut Light Power Co., 35 Conn. App. 212, 227
(1994).
In his response to the plaintiff's request for admissions, the defendant admits the following facts. On November 14, 1992, he was driving his car on Frank Street in Bridgeport. There was a car stopped on Frank Street and the defendant's car struck the rear of the car. The defendant failed to stop his car before striking the plaintiff's car. The defendant received a written warning for failing to drive a reasonable distance from the plaintiff's car in violation of General Statutes § 14-240. The defendant denies in his answer to the plaintiff's complaint that he operated his car in a negligent manner.
In her affidavit, the plaintiff states that she was stopped at the intersection of Frank and Main Streets when the defendant drove his car into the rear of her car. The plaintiff states further that the defendant never sounded his horn and that he failed to apply his brakes in time to avoid the accident.
The plaintiff's affidavit does not resolve "`the mixed question of fact and law' of whether the defendant met the requisite standard of care under the circumstances, particularly those relating to whether he had a reasonable opportunity to avoid the collision." Fogarty v. Rashaw, supra, 193 Conn. 446. CT Page 12289
Furthermore, the defendant has not admitted that he operated his car in a negligent manner. The plaintiff has submitted evidence showing that there was an accident, but has submitted no evidence demonstrating that the defendant was negligent. It is found that the plaintiff has not met her burden of demonstrating the nonexistence of genuine issues of fact and, therefore, the motion for summary judgment should be and is denied.