[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT AND MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT
The plaintiff instituted the present action to recover monetary damages for personal injuries and property damage claimed to have been sustained when he was rear ended while on an entrance ramp to the Merritt Parkway by a vehicle operated by the defendant Ferrigno. The claim was initially initiated by the plaintiff on the small claims docket but was subsequently transferred to the regular docket of the superior court by the defendant Ferrigno asserting that the accident was caused by a third unidentified vehicle which struck the Ferrigno vehicle pushing it into the plaintiffs vehicle. Following the transfer to the regular docket the plaintiff instituted suit against the Windsor Insurance Company under the under/uninsured motorist provisions of his policy of insurance.
At the trial the plaintiff testified that he was struck in the rear by the Ferrigno vehicle but did not see that vehicle or was he aware of its existence until the impact. The plaintiff also testified that he was unaware of any third vehicle, that the existence of a possible third vehicle was not brought up until the police arrived and there was evidence that there was no damage to the rear of the defendant's vehicle. A jury returned a verdict in favor of the Windsor Insurance Company as against the plaintiff and also returned a verdict in favor of the plaintiff as against the defendant Ferrigno in the amount of $563.24 in economic damages, representing property damage, and noneconomic damages in the amount of $5,000.00. The defendant Ferrigno has filed a motion to set aside the verdict and a motion for judgment notwithstanding the verdict in accordance with his motion for a directed verdict asserting that there was insufficient evidence upon which the jury could find negligence on the part of the defendant Ferrigno.
A court is empowered to set aside a jury verdict where the verdict is unsupported by the evidence. Hunte v. Amica Insurance Co.,68 Conn. App. 534, 541 (2002). In making the determination as to whether CT Page 520 the verdict is unsupported by the evidence the court should view the evidence in the light most favorable to the prevailing party and to the sustaining of the verdict. Ipacs v. Cranford, 65 Conn. App. 441, 443
(2001). The court instructed the jury that the existence of a rear end collision in itself is not sufficient to prove negligence and that the plaintiff bears the burden of proving that the defendant was negligent in one or more of the ways specified in the complaint. See O'Brien v.Cordova, 171 Conn. 303 (1976).
In his complaint, the plaintiff claimed that the defendant Ferrigno was negligent in various ways including claims with respect to speed, lookout, failure to apply breaks, control, and failure to use reasonable care to avoid a collision. The fact that the plaintiff was unaware of the defendant Ferrigno's presence until after the impact, made it impossible for the plaintiff to provide direct testimony as to the existence of negligence on the part of that defendant. Under the evidence presented at trial the jury could reasonably have found that there was no third vehicle which struck the Ferrigno vehicle in the rear therefore and provided a basis for a verdict in favor of the Windsor Insurance Company. The defendant testified that he stopped his vehicle three or four feet behind the plaintiffs vehicle and was then struck in the rear by third unidentified vehicle. Having found that there was no third vehicle, the jury was entitled, under the evidence, to find that the defendant stopped his vehicle three or four feet behind the plaintiffs vehicle. Thereafter, the defendant's vehicle moved forward with sufficient force to strike the rear of the plaintiffs vehicle causing the property damage for which the jury awarded economic damages. Given the nonexistence of a third vehicle, and the stopping of the defendant's Ferrigno's vehicle, the jury was entitled to infer that the cause of the subsequent movement was more probably than not a result of negligent conduct in one or more of the ways specified in the complaint. Accordingly, the motions to set aside the verdict and for judgment notwithstanding the verdict are hereby denied.
The defendant Ferrigno also claims error in admitting the property damage estimate prepared by the Allstate Insurance Company, Ferrigno's insurer, of a property damage estimate of the plaintiffs vehicle. The court held a hearing, in the absence of the jury, and determined that the property damage estimate was a business record within the meaning of General Statutes § 52-180 and the court believes that decision was correct.
The plaintiff has also filed a motion for attorney's fees pursuant to General Statutes § 52-251 a which provides that "[W]henever a plaintiff prevails on a small claims matter which was transferred to the CT Page 521 regular docket in the superior court on the motion of the defendant the court may allow to the plaintiff his costs, together with reasonable attorney's fees to be taxed by the court. An affidavit was filed by the attorney for the plaintiff showing that he expended 45 hours at $175 per hour for a total claim of attorney's fees in the amount of $7,875.00. However the court believes that the agreement with the plaintiff for a contingent fee is the appropriate manner in which to decide the amount of the attorney's fees. Accordingly, the plaintiff is entitled to have the court tax as costs one-third of the amount of the verdict, to wit $1854.41.
 ___________________ RUSH, J.
CT Page 522