WAGNER AND WAGNER AUTO SALES, INC. *v.* KATHLEEN B. TARRO ET AL. (SC 17639)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued November 22, 2006—officially released January 16, 2007

*Glenn T. Terk*, with whom, on the brief, was *Kathleen L. Matthews*, for the appellants (defendants).

*Carolyn A. Comerford*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In the summary process action underlying this certified appeal, the plaintiff, Wagner & Wagner Auto Sales, Inc., successfully sued to recover immediate possession from the defendants, Kathleen B. Tarro, Richard M. Tarro and Elegant Living, LLC,

---

[5] See footnote 3 of this opinion.

of commercial premises located in Wethersfield. The plaintiff alleged that the defendants had failed to pay the rent pursuant to a written sublease and rental security agreement commencing January 1, 2004. The defendants appealed, arguing, in part, that "the trial court improperly decided that . . . the landlord, an unregistered foreign corporation, was entitled to pursue its lawsuit in this state because it was not 'transacting business' within the meaning of General Statutes § 33-920 (a) . . . ."[1] *Wagner & Wagner Auto Sales, Inc.* v. *Tarro,* 93 Conn. App. 376, 377–78, 889 A.2d 875 (2006); see also General Statutes § 33-921 (a).[2] The Appellate Court affirmed the judgment of the trial court, holding, in part, that the record was inadequate for review of the claim concerning the plaintiff's status as an unregistered foreign corporation because the trial court made no factual findings on that issue and the defendants never moved for articulation. *Wagner & Wagner Auto Sales, Inc.* v. *Tarro,* supra, 382.

The defendants appeal, following our grant of their petition for certification, from the judgment of the Appellate Court.[3] The defendants claim that the record

[1] General Statutes § 33-920 (a) provides: "A foreign corporation, other than an insurance, surety or indemnity company, may not transact business in this state until it obtains a certificate of authority from the Secretary of the State. No foreign corporation engaged in the business of a telegraph company, gas, electric, electric distribution or water company, or cemetery corporation, or of any company requiring the right to take and condemn lands or to occupy the public highways of this state, and no foreign telephone company, shall transact in this state the business authorized by its certificate of incorporation or by the laws of the state under which it was organized, unless empowered so to do by some general or special act of this state, except for the purpose of carrying out and renewing contracts existing upon August 1, 1903. No insurance, surety or indemnity company shall transact business in this state until it has procured a license from the Insurance Commissioner in accordance with the provisions of section 38a-41."

[2] General Statutes § 33-921 (a) provides: "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."

[3] We granted the defendants' petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the

establishes that the plaintiff has transacted business within the state and, therefore, may not, pursuant to General Statutes § 33-921 (a),[4] maintain a proceeding against the defendants without having obtained a certificate of authority to do so.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

---

defendants could not prevail on their claim that the plaintiff was not entitled to pursue this lawsuit?" *Wagner & Wagner Auto Sales, Inc.* v. *Tarro,* 277 Conn. 932, 896 A.2d 103 (2006).

[4] See footnote 2 of this opinion.