## JO ANNE C. SCHWEIGER *v.* AMICA MUTUAL INSURANCE COMPANY
## (AC 28644)

Flynn, C. J., and Beach and Dupont, Js.

Argued June 2—officially released October 7, 2008

*Donald J. McCarthy, Jr.*, for the appellant (plaintiff).

*Steven L. Seligman*, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, Jo Anne C. Schweiger, appeals from the judgment of the trial court rendered after it granted a motion for a directed verdict filed by the defendant, Amica Mutual Insurance Company, pursuant to Practice Book § 16-37.[1] On appeal, the plaintiff claims that the court improperly concluded that she failed to present sufficient evidence to remove the issues of negligence and proximate cause from the realm of conjecture, speculation or surmise so as to survive the defendant's motion for a directed verdict for failure to establish a prima facie case. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. On May 24, 2003, the plaintiff was operating her motor vehicle in an easterly direction on Route 44 in Avon. She was driving in the left lane of two lanes on Route 44 when she slowed and brought her car to a stop behind a line of traffic that was waiting for a car ahead to make a

---

[1] Practice Book § 16-37 provides in pertinent part as follows: "Whenever a motion for a directed verdict made at any time after the close of the plaintiff's case in chief is denied or for any reason is not granted, the judicial authority is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. . . . [I]f a verdict was not returned [a party who has moved for a directed verdict] may move for judgment in accordance with his or her motion for a directed verdict within [ten days] after the jury have been discharged from consideration of the case. . . . If no verdict was returned the judicial authority may direct the entry of judgment as if the requested verdict had been directed . . . ."

left turn across the westbound lanes of Route 44. The plaintiff considered switching to the right lane but decided against it because of the heavy traffic conditions that she observed. After being stopped for a total of approximately four to five seconds, the plaintiff's car was struck in the rear by a car operated by the alleged tortfeasor, Brianna-Marie Blodgett. The plaintiff described the impact as a hard jolt. She further testified that she did not observe the car that struck her, either before or after the accident. The plaintiff also testified that she did not speak with Blodgett after the accident.

The plaintiff subsequently filed this uninsured-underinsured motorist action against the defendant, alleging liability for the negligent operation of the motor vehicle driven by Blodgett. A jury trial was held in December, 2005. The only evidence presented by the plaintiff addressing the issue of liability was her testimony regarding the incident and photographs of the damage to her car. Neither Blodgett nor any other witnesses to the accident testified. Following the presentation of the plaintiff's case-in-chief, the defendant moved for a directed verdict. The court reserved judgment on the motion and submitted the case to the jury. After the jury announced that it was deadlocked, the defendant filed a motion pursuant to § 16-37 for judgment in accordance with its motion for a directed verdict, which the court granted. The court concluded that "[t]he evidence in this case is insufficient to remove the issue of how this automobile accident occurred from the realm of speculation, conjecture or surmise." This appeal followed.

We begin our analysis by setting forth the legal principles that govern our review of the plaintiff's claim. "The standards for appellate review of a directed verdict are well settled. Directed verdicts are not favored. . . . A trial court should direct a verdict only when a jury could not reasonably and legally have reached any other

conclusion. . . . In reviewing the trial court's decision to direct a verdict in favor of a defendant we must consider the evidence in the light most favorable to the plaintiff. . . . Although it is the jury's right to draw logical deductions and make reasonable inferences from the facts proven . . . it may not resort to mere conjecture and speculation. . . . A directed verdict is justified if . . . the evidence is so weak that it would be proper for the court to set aside a verdict rendered for the other party." (Internal quotation marks omitted.) *Riccio* v. *Harbour Village Condominium Assn., Inc.,* 281 Conn. 160, 163, 914 A.2d 529 (2007). "A verdict may be directed . . . where the claim is that there is insufficient evidence to sustain a favorable verdict." (Internal quotation marks omitted.) *Beale* v. *Yale-New Haven Hospital,* 89 Conn. App. 556, 565–66, 874 A.2d 259 (2005).

"[T]o establish a prima facie case, the proponent must submit evidence which, if credited, is sufficient to establish the fact or facts which it is adduced to prove. . . . [T]he evidence offered by the plaintiff is to be taken as true and interpreted in the light most favorable to [the plaintiff], and every reasonable inference is to be drawn in [the plaintiff's] favor." (Internal quotation marks omitted.) *Cadle Co.* v. *Errato,* 71 Conn. App. 447, 455–56, 802 A.2d 887, cert. denied, 262 Conn. 918, 812 A.2d 861 (2002). "[W]hether the plaintiff has established a prima facie case is a question of law, over which our review is plenary." (Internal quotation marks omitted.) *John H. Kolb & Sons, Inc.* v. *G & L Excavating, Inc.,* 76 Conn. App. 599, 605, 821 A.2d 774, cert. denied, 264 Conn. 919, 828 A.2d 617 (2003).

"Negligence involves the violation of a legal duty which one owes to another, in respect to care for the safety of the person or property of that other." *Sharkey* v. *Skilton,* 83 Conn. 503, 508, 77 A. 950 (1910). The "essential elements of a cause of action in negligence

are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) *Jagger* v. *Mohawk Mountain Ski Area, Inc.*, 269 Conn. 672, 687 n.13, 849 A.2d 813 (2004).

"To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct legally caused the injuries. . . . The first component of legal cause is causation in fact. Causation in fact is the purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . . The second component of legal cause is proximate cause . . . . [T]he test of proximate cause is whether the defendant's conduct is a substantial factor in bringing about the plaintiff's injuries. . . . Further, it is the plaintiff who bears the burden to prove an unbroken sequence of events that tied his injuries to the [defendant's conduct]. . . . The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection. . . . This causal connection must be based upon more than conjecture and surmise." (Citations omitted; internal quotation marks omitted.) *Paige* v. *St. Andrew's Roman Catholic Church Corp.*, 250 Conn. 14, 24–26, 734 A.2d 85 (1999). "An actual cause that is a substantial factor in the resulting harm is a proximate cause of that harm. . . . The finding of actual cause is thus a requisite for any finding of proximate cause." (Citations omitted; internal quotation marks omitted.) *Boehm* v. *Kish*, 201 Conn. 385, 391–92, 517 A.2d 624 (1986).

The plaintiff claims that the court improperly concluded that she failed to present sufficient evidence to remove the issues of negligence and proximate cause from the realm of conjecture, speculation or surmise so as to survive the defendant's motion for a directed verdict. We disagree.

In an automobile accident case, "[a] plaintiff cannot merely prove that a collision occurred and then call upon the defendant operator to come forward with evidence that the collision was not a proximate consequence of negligence on his part. Nor is it sufficient for a plaintiff to prove that a defendant operator might have been negligent in a manner which would, or might have been, a proximate cause of the collision. A plaintiff must remove the issues of negligence and proximate cause from the field of conjecture and speculation." (Internal quotation marks omitted.) *O'Brien* v. *Cordova,* 171 Conn. 303, 306, 370 A.2d 933 (1976).

Recently, in *Winn* v. *Posades,* 281 Conn. 50, 913 A.2d 407 (2007), our Supreme Court affirmed the trial court's judgment of dismissal in an automobile accident case in which no evidence existed regarding liability beyond the fact that the collision had occurred and that the defendant operator had been traveling at an unreasonable, even reckless, speed when he struck the vehicle of the plaintiff's decedent. Id., 52–56. The defendant was the only surviving eyewitness to the accident, and he testified that he recalled nothing of the accident or how it occurred. Id., 52. The Supreme Court concluded that "[a]lthough the plaintiff's evidence showed that [the defendant] had been negligent or reckless in operating his [vehicle] through the intersection at a highly excessive rate of speed, there was no evidence that his speed actually had caused the collision." Id., 60. The Supreme Court, therefore, concluded that insufficient evidence existed to establish legal cause. Id., 64.

The plaintiff in the present case similarly failed to present sufficient evidence regarding negligence and proximate cause to remove the issues from the field of speculation or conjecture. The plaintiff introduced no evidence beyond the fact that her vehicle was struck by Blodgett's vehicle, perhaps with some force. The fact that there was a collision by itself is insufficient

to establish legal cause. See *O'Brien* v. *Cordova*, supra, 171 Conn. 306 ("[c]ommon experience shows that motor vehicle accidents are not all due to driver negligence"). No one testified as to the actual circumstances that caused Blodgett's vehicle to strike the plaintiff's vehicle, and the plaintiff testified that she did not see Blodgett's vehicle strike her vehicle. There remains a number of factual possibilities that could explain how the accident occurred. See *Palmieri* v. *Macero*, 146 Conn. 705, 707–708, 155 A.2d 750 (1959).

Beyond the fact that there was a collision, the plaintiff also argues that the jury reasonably could have inferred negligence, on the basis of the apparent force of the collision and the fact that there was no impediment to Blodgett's stopping her vehicle at the rear of the line of cars as the plaintiff had without any problem. The plaintiff argues that the jury also reasonably could have inferred that Blodgett was traveling at an excessive rate of speed, was following too closely, failed to keep a proper lookout, failed to take evasive action and failed to keep her vehicle under reasonable and proper control. Although the jury may make reasonable inferences when determining negligence and causation, the plaintiff must present sufficient evidence from which such inferences may be made. See *O'Brien* v. *Cordova*, supra, 171 Conn. 305–306. In the present case, the plaintiff presented insufficient facts from which such inferences reasonably could have been drawn. "[P]roof of excessive speed by the operator of a motor vehicle is insufficient, standing alone, to establish legal cause." *Winn* v. *Posades*, supra, 281 Conn. 64. Moreover, in *Winn*, the plaintiff established the defendant operator's excessive and even reckless speed by way of testimony from the investigating officer of the accident, and that fact, by itself, was insufficient to establish legal causation. Id., 55. In the present case, there is even less evidence than

the amount deemed insufficient in *Winn*.[2] See id., 64. Accordingly, we reject the plaintiff's claim.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[2] The plaintiff argues that her case is analogous to *Terminal Taxi Co.* v. *Flynn*, 156 Conn. 313, 317–18, 240 A.2d 881 (1968), in which the Supreme Court found that sufficient evidence existed to remove the issue of proximate cause from the realm of speculation or conjecture. That case, however, is distinguishable because additional evidence, beyond the fact that there was a collision, existed from which the court could conclude that "there [was] little doubt about the manner in which the accident occurred." Id., 317.