RONALD RAWLS *v.* PROGRESSIVE NORTHERN INSURANCE COMPANY
(AC 32119)

Beach, Alvord and Schaller, Js.

Argued April 21—officially released August 2, 2011

*Stephanie A. Onorato*, for the appellant (defendant).

*Nathan C. Nasser*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, Progressive Northern Insurance Company, appeals from the trial court's

denial of its motions for a directed verdict and to set aside the verdict. The court rendered judgment, after a jury trial, in favor of the plaintiff, Ronald Rawls. On appeal, the defendant claims that the court improperly denied its motions (1) for a directed verdict because the plaintiff failed to present sufficient evidence to establish a prima facie case and (2) to set aside the verdict and render judgment in accordance with the motion for a directed verdict when there was no evidence from which a jury reasonably could infer a finding of negligence. We agree with the defendant's second claim, and accordingly reverse the judgment of the trial court.[1]

On August 3, 2007, the plaintiff commenced this action seeking to recover damages for personal injuries that he sustained as a result of a motor vehicle accident. In his complaint, the plaintiff alleged, inter alia, that the operator of the vehicle that hit his vehicle, Zabian Bailey: was negligent in that he was following too closely in violation of General Statutes § 14-240; failed to keep a proper and reasonable lookout for other motor vehicles; failed to apply his brakes in time to avoid a collision although by "proper and reasonable exercise of his faculties, he could have, and should have"; failed to turn his vehicle to the left or right to avoid the

---

[1] The defendant has failed to provide this court with a signed transcript or memorandum of decision setting forth the trial court's reasons for denying the motion to set aside the verdict. See Practice Book § 64-1 (a). "When the record does not contain either a memorandum of decision or a transcribed copy of an oral decision signed by the trial court stating the reasons for its decision, this court frequently has declined to review the claims on appeal because the appellant has failed to provide the court with an adequate record for review. . . . If there is an unsigned transcript on file in connection with an appeal, the claims of error raised by the plaintiff may be reviewed if this court determines that the transcript adequately reveals the basis of the trial court's decision." (Citation omitted; internal quotation marks omitted.) *Solano* v. *Calegari*, 108 Conn. App. 731, 734 n.4, 949 A.2d 1257, cert. denied, 289 Conn. 943, 959 A.2d 1010 (2008). In this case, we conclude that the transcript adequately reveals the basis for the court's decision.

collision although by "proper and reasonable exercise of his faculties, [he] could have and should have"; failed to have his vehicle under proper and reasonable control; was inattentive to his surroundings and was operating at an unreasonable rate of speed. The plaintiff sought underinsured motor vehicle coverage under his own policy with the defendant. The defendant filed an answer to the complaint on December 4, 2007, leaving the plaintiff to his burden of proof as to Bailey's negligence.

The jury trial commenced on December 11, 2009. The jury reasonably could have found the following facts. On March 27, 2006, shortly before 11:30 p.m., the plaintiff was traveling westbound on North Avenue in Bridgeport. He stopped at a traffic light behind another vehicle. The plaintiff estimated he was stopped for approximately fifteen seconds before the vehicle driven by Bailey impacted the back of his car, forcing his vehicle to move forward and collide with the car in front of his. The plaintiff testified that he "heard a noise and all of a sudden [he] blacked out" for a "couple of minutes." He did not see the vehicle that hit his car, nor did he have any knowledge that the impact was going to happen prior to the collision. The plaintiff testified that he did not know: where Bailey was "looking at the time of the impact," Bailey's speed or whether Bailey attempted to apply his brakes or swerve. The plaintiff did not speak to either of the other two drivers involved in the accident.

Pedro Rosa, the investigating Bridgeport police officer, testified that emergency personnel were present at the scene when he arrived. Rosa spoke to the plaintiff but did not take a statement from Bailey. Rosa noted heavy front end damage to Bailey's vehicle, heavy rear end damage to the plaintiff's vehicle and minor rear

end damage to the vehicle stopped in front of the plaintiff. The plaintiff also produced photos of the damage to his vehicle.

After the plaintiff rested his case, the defendant moved for a directed verdict on the issue of liability, arguing that the plaintiff failed to submit evidence that Bailey was negligent and that his negligence was the proximate cause of the collision. The court denied this motion. At the conclusion of the trial, the defendant's renewal of this motion also was denied. The jury returned a verdict in favor of the plaintiff. The defendant filed a motion to set aside the verdict and render judgment in accordance with the motion for a directed verdict, which the court denied on March 16, 2010. This appeal followed.

On appeal, the defendant argues that the court improperly denied its "motion to set aside the verdict and render judgment in accordance with the motion for directed verdict" because the plaintiff failed to present sufficient evidence from which a jury reasonably could infer a finding of negligence. We agree. Our analysis of this issue is dispositive, thus, we need not reach the other issue on appeal.

"A motion to set aside the verdict should be granted if the jury reasonably and legally could not have reached the determination that [it] did in fact reach. . . . [Put differently], [i]f the jury, without conjecture, could not have found a required element of the cause of action, it cannot withstand a motion to set aside the verdict. . . . Thus, the role of the trial court on a motion to set aside the jury's verdict is not to sit as [an added] juror, but, rather, to decide whether, viewing the evidence in the light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did. . . . As a corollary, it is the court's duty to set aside the verdict when it finds that it does manifest injustice,

and is . . . palpably against the evidence. . . . The proper appellate standard of review when considering the action of a trial court in granting or denying a motion to set aside a verdict is the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Marciano* v. *Kraner*, 126 Conn. App. 171, 177, 10 A.3d 572, cert. denied, 300 Conn. 922, 14 A.3d 1007 (2011).

"In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) *Stein* v. *Tong*, 117 Conn. App. 19, 27, 979 A.2d 494 (2009). Furthermore, "the plaintiff must prove both causation in fact and proximate cause." (Internal quotation marks omitted.) *Burton* v. *Stamford*, 115 Conn. App. 47, 76, 971 A.2d 739, cert. denied, 293 Conn. 912, 978 A.2d 1108 (2009).

"In an automobile accident case, [a] plaintiff cannot merely prove that a collision occurred and then call upon the defendant operator to come forward with evidence that the collision was not a proximate consequence of negligence on his part. Nor is it sufficient for a plaintiff to prove that a defendant operator might have been negligent in a manner which would, or might have been, a proximate cause of the collision. A plaintiff must remove the issues of negligence and proximate cause from the field of conjecture and speculation." (Internal quotation marks omitted.) *Schweiger* v. *Amica Mutual Ins. Co.*, 110 Conn. App. 736, 741, 955 A.2d 1241, cert. denied, 289 Conn. 955, 961 A.2d 421 (2008), citing *O'Brien* v. *Cordova*, 171 Conn. 303, 306, 370 A.2d 933

(1976) ("[c]ommon experience shows that motor vehicle accidents are not all due to driver negligence").

In *Burton* v. *Stamford*, supra, 115 Conn. App. 68–88, this court discussed in detail the relevant case law. Therein, this court found significant the fact that there was an eyewitness to the collision who testified to the circumstances from which the accident arose and that two officers testified, one of whom conducted an accident reconstruction that included evidence of the physical factors contributing to the accident. Id., 81–84. Thus, this court concluded that *Burton* was controlled by *Terminal Taxi Co.* v. *Flynn*, 156 Conn. 313, 317, 240 A.2d 881 (1968), in which our Supreme Court found that there was sufficient evidence of negligence when the plaintiff was struck from behind by the defendant's car and the plaintiff proffered testimony as to what he had seen immediately before the accident occurred and evidence was presented as to other physical facts reflected in the police officer's accident report. Likewise, in *Hicks* v. *State*, 287 Conn. 421, 437, 948 A.2d 982 (2008), our Supreme Court noted the significance of an eyewitness who testified as to the causation of the accident.

In contrast, the facts of the present case more closely conform to those of *Schweiger* v. *Amica Mutual Ins. Co.*, supra, 110 Conn. App. 736, in which this court upheld the trial court's granting of a motion for a directed verdict because the plaintiff "introduced no evidence beyond the fact that her vehicle was struck by [the alleged tortfeasor's] vehicle, perhaps with some force. The fact that there was a collision by itself is insufficient to establish legal cause. . . . No one testified as to the actual circumstances that caused [the alleged tortfeasor's] vehicle to strike the plaintiff's vehicle, and the plaintiff testified that she did not see [the alleged tortfeasor's] vehicle strike her vehicle." (Citation omitted; internal quotation marks omitted.) Id.,

741–42. Like *Schweiger*, the present case is controlled by *Winn* v. *Posades*, 281 Conn. 50, 63, 913 A.2d 407 (2007), in which our Supreme Court held that, even where there was evidence that a collision had occurred and that the defendant was negligent or reckless in operating his vehicle at an excessive rate of speed, there was no evidence of causation.[2]

We acknowledge that in this case, the plaintiff testified that he heard a loud noise prior to becoming unconscious, but that testimony was not probative of the elements of negligence, and thus it was as though there was no eyewitness testimony at all to support the plaintiff's allegations. See *Toomey* v. *Danaher*, 161 Conn. 204, 207, 212–13, 286 A.2d 293 (1971) (no proof of negligence when driver had died as result of injuries sustained in accident, plaintiff passenger was unable to recall anything about accident due to amnesia, and no eyewitnesses to accident); *Chasse* v. *Albert*, 147 Conn. 680, 683, 166 A.2d 148 (1960) (no direct testimony as to cause of accident because plaintiff was asleep and evidence left "so many possibilities as to the cause of the accident other than negligence in the operation of the car that a finding of negligence on the meager evidence in the case could result in a verdict for the plaintiff based only on surmise, speculation and conjecture"); *Palmieri* v. *Macero*, 146 Conn. 705, 706, 708, 155 A.2d 750 (1959) (no proof of negligence when driver

---

[2] In the present case, during the jury charge, the court, sua sponte, struck from the complaint the allegations that Bailey was operating the vehicle at an unreasonable rate of speed or following too closely, stating that there was not sufficient evidence to support these allegations. Thus, the causation in this case is even more speculative than in *Winn*. In *Winn*, the defendant was operating his vehicle at an excessive speed, but, nonetheless, our Supreme Court declined to speculate whether that breach of duty was the proximate cause of the plaintiff's injuries without evidence of causation. *Winn* v. *Posades*, supra, 281 Conn. 63. Even assuming, arguendo, that the property damage alone suggested excessive speed, the plaintiff in this case still failed to present any evidence as to the proximate cause of the accident.

of motor vehicle that went over embankment did not survive accident, plaintiff passenger was asleep at time of accident, and no other witnesses to accident); *Wallace* v. *Waterhouse*, 86 Conn. 546, 548, 86 A. 10 (1913) (no proof of negligence because evidence of improper speed alone is not sufficient to establish proximate cause); *Hines* v. *Davis*, 53 Conn. App. 836, 839, 731 A.2d 325 (1999) (no proof of negligence because "[s]peed alone, even rapid speed, does not suffice to establish proximate cause in a negligence action").

Although the jury may make reasonable inferences when determining negligence and causation, the plaintiff must present sufficient evidence from which such inferences may be made. See *O'Brien* v. *Cordova*, supra, 171 Conn. 305–306. In the present case, that evidence is absent. Accordingly, we conclude that the court abused its discretion in denying the defendant's motion to set aside the verdict.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to set aside the verdict and to render judgment in favor of the defendant.

In this opinion the other judges concurred.