Jack J. Branco *v.* Gerard B. Patton et al.
(9374)

O'Connell, Foti and Lavery, Js.

Submitted on briefs February 14—decision released March 19, 1991

*Robert E. Quish* filed a brief for the appellants (defendants).

*David O. Chittick* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendants appeal from the judgment of foreclosure of a mechanic's lien for renovation work on their Milford property. The defendants claim the trial court improperly (1) found that there was no express contract between the parties, (2) found that certain charges for labor and materials were reasonable, and (3) failed to consider a limited restitution recovery. The court rendered a judgment of foreclosure by sale. We affirm that judgment.

The defendants own a mixed residential and commercial building in Milford. They engaged the plaintiff, a general contractor, to perform remodeling work on their building. The plaintiff then filed a mechanic's lien for his services and subsequently commenced this foreclosure action.

The defendant's appeal is based on the flawed premise that the trial court found there was no express contract between the parties and rendered judgment based on an implied contract for the reasonable value of the plaintiff's services. The trial court, however, did find an express contract. After a detailed analysis of the parties' conduct, the court found that they had "[e]ntered into what is known as a cost plus contract, namely one where one of the parties undertakes to pay all costs incurred by the other party in the performance of the contract and a fixed fee over and above such costs." See *Continental Copper & Steel Industries, Inc.* v. *Bloom,* 139 Conn. 700, 703–704, 96 A.2d 758 (1953).

"Our review of the trial court's factual findings is limited solely to the determination of whether they are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, they are clearly erroneous. . . . The function of the appellate court is to review, and not retry, the proceedings of the trial court." (Citations omitted.) *Petti* v. *Balance Rock Associates,* 12 Conn. App. 353, 357, 530 A.2d 1083

(1987). We conclude that the trial court's findings are adequately supported by the record and are not clearly erroneous.

The judgment is affirmed and the case is remanded with direction to reschedule the foreclosure by sale.