### MICHAEL STEIN *v.* NANCY TONG
### (AC 29949)

DiPentima, Harper and Hennessy, Js.

Argued March 10—officially released September 8, 2009

*Tracey Lane Russo*, with whom, on the brief, was *Joseph N. DeFilippo*, for the appellant (defendant).

*John C. Heffernan*, with whom, on the brief, was *F. Timothy McNamara*, for the appellee (plaintiff).

*Opinion*

HARPER, J. The defendant, Nancy Tong, appeals following the denial of her motion to open or to set aside the judgment rendered by the trial court in favor of the

plaintiff, Michael Stein. On appeal, the defendant claims that the court improperly (1) denied her motion to open or to set aside the judgment, (2) modified the original judgment in lieu of granting the motion to open or to set aside the judgment, (3) relied on a legal theory that was not pleaded by the plaintiff, (4) found that she had possession and control of the defective sidewalk and stairway where the plaintiff tripped and fell, (5) concluded that there was no abuse of discretion when the court, *Graham, J.*, denied her motion for a continuance and (6) relied on Hartford's building code to find that a defect existed on the property at issue.[1] We agree with the defendant's sixth claim, which is that the court improperly relied on Hartford's building code to find that the step the plaintiff fell against was defective. Accordingly, we reverse the judgment of the trial court and remand the case for a new trial. We also address the merits of the defendant's third and fourth claims because the issues presented therein are likely to arise on retrial.[2]

---

[1] We note that the sixth claim was not included in the defendant's preliminary statement of issues pursuant to Practice Book § 63-4 (a) (1), nor did the defendant amend her statement of issues to include the sixth claim pursuant to Practice Book § 63-4 (b). The sixth claim was briefed by the defendant in the body of her brief but not included in her statement of issues within the brief. Nonetheless, her failure to identify this claim in her preliminary statement of issues does not preclude this court from reviewing her claim unless the plaintiff is prejudiced thereby. See *Simone* v. *Miller*, 91 Conn. App. 98, 107 n.3, 881 A.2d 397 (2005); *Matyas* v. *Minck*, 37 Conn. App. 321, 329 n.5, 655 A.2d 1155 (1995).

Specifically, the defendant's sixth claim was whether the court made findings that were clearly erroneous when it (1) made an ex parte visit to the property, (2) calculated the percentage of disability the plaintiff sustained to his leg and entire body, and (3) relied on Hartford's building code. We will review only the defendant's third claim of error in relation to Hartford's building code because our resolution of that claim requires us to reverse the trial court's judgment. In light of the fact that both parties have briefed and argued this issue, we conclude that the plaintiff would not be prejudiced by our review of this claim.

[2] The defendant's remaining claims are unique to the case as it was tried and are unlikely to arise during the new trial. Accordingly, because we conclude that the court made an erroneous finding that was material to its

The record reveals the following facts and procedural history. On August 30, 2006, the plaintiff filed a complaint against the defendant alleging negligence. The plaintiff alleged that on January 31, 2005, he tripped and fell on a defective sidewalk that served as the entry to his home. The plaintiff alleged that the defendant was the owner of the property and was in possession and control of the defective sidewalk. The defendant filed a pro se appearance and denied the allegations in the plaintiff's complaint. She also filed a counterclaim against the plaintiff alleging frivolous litigation.[3]

In 2007, prior to the commencement of trial, the defendant filed two motions for a continuance, which were granted. On October 1, 2007, the defendant filed her third motion for a continuance due to the unavailability of counsel. The court, *Graham, J.*, denied the motion. A court trial was held on October 3, 2007. The plaintiff was represented by counsel, and the defendant proceeded pro se. The trial concluded after the court, *Hon. Richard M. Rittenband,* judge trial referee, heard testimony from the defendant and the plaintiff. Following the trial, the parties submitted briefs, and, on November 19, 2007, the court rendered judgment in favor of the plaintiff in a memorandum of decision. The court found the defendant liable on the ground that she was the owner of the property and a landlord who retained control over the property. The court also found that the plaintiff fell on the property due to defects in the sidewalk and the stairway leading into the entry of the property. Specifically, the court found that the plaintiff initially tripped on a crack in the sidewalk and injured his left leg and foot when his foot hit the first step of the stairway and he fell. In addition, the court

judgment; see part I of this opinion; and we remand the case for a new trial, we do not reach the merits of the defendant's remaining claims.

[3] No issues have been raised on appeal relating to the defendant's counterclaim.

found that the height of the first step was excessive. The court noted that prior to the incident, over a period of years, the plaintiff had mailed letters to the defendant to notify her of the defective issues on the property, such as defects concerning the sidewalk and the stairway.

On March 4, 2008, the defendant timely filed a motion to open or to set aside the judgment in which she asserted that the court improperly found that she owned the property leased to the plaintiff. She asserted that the plaintiff commenced litigation against an improper party. Both parties stipulated that the defendant was not the title owner of the property. On April 14, 2008, the court held a hearing on the defendant's motion to open or to set aside the judgment. At the hearing, the court denied the motion and, the next day, issued an amendment to the November 19, 2007 memorandum of decision. In the amendment, the court acknowledged that it improperly had concluded that the defendant owned the property leased by the plaintiff. The court, nonetheless, found that the defendant was still liable because, on the date the plaintiff tripped and fell, she was in possession and control of the defective sidewalk and stairway. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant claims that the court improperly made findings that were clearly erroneous.[4] She asserts that it was improper for the court to find that the step was

[4] See footnote 1 of this opinion. Although the defendant's statement of her claim in her brief posits that the court committed plain error when it considered Hartford's building code as evidence, the proper legal analysis is whether the court's factual finding was clearly erroneous. Accordingly, we review the defendant's claim on appeal in terms of whether the court's factual finding was clearly erroneous.

defective on the basis of Hartford's building code. Specifically, she argues that there was insufficient evidence to support the court's finding. We agree.

"Our standard of review concerning a trial court's findings of fact is well established. If the factual basis of the court's decision is challenged, our review includes determining whether the facts set out in the memorandum of decision are supported by the record or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. . . . Further, a court's inference of fact is not reversible unless the inference was arrived at unreasonably. . . . We note as well that [t]riers of fact must often rely on circumstantial evidence and draw inferences from it. . . . Proof of a material fact by inference need not be so conclusive as to exclude every other hypothesis. It is sufficient if the evidence produces in the mind of the trier a reasonable belief in the probability of the existence of the material fact. . . . Moreover, it is the *exclusive province of the trier of fact to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony.* . . . Thus, if the court's dispositive finding . . . was not clearly erroneous, then the judgment must be affirmed." (Emphasis added; internal quotation marks omitted.) *Pellow v. Pellow,* 113 Conn. App. 122, 125–26, 964 A.2d 1252 (2009). "The function of the appellate court is to review, and not retry, the proceedings of the trial court." (Internal quotation marks omitted.) *Branco v. Patton,* 24 Conn. App. 820, 821, 588 A.2d 249 (1991).

In its memorandum of decision, the court found that two defects were the proximate causes of the plaintiff's injury. The first defect was a visible crack on the sidewalk leading to the stairs of the home on the property. The second defect was the height of the first step on the stairway leading into the front entrance of the home.

The plaintiff submitted into evidence photographs of the alleged defects. The plaintiff testified that he tripped on the crack on the sidewalk and, as a result, hit his left foot on the first step leading into the home when he attempted to regain his balance. He also testified that the height of the step violated Hartford's building code because it was almost four inches higher than the seven and one-half inches required by the code. The plaintiff further testified that had the step been at a lower height in conformance with the code, it was unlikely that he would have hit his left foot on the step.

The court credited the testimony of the plaintiff and found that the step was an excessive height and defective in violation of Hartford's building code. Other than the plaintiff's mere assertion, however, that the step did not comply with the code, the plaintiff submitted no evidence, such as an excerpt from the code or lay or expert testimony, that the step was a defective height. Notwithstanding the crack in the sidewalk that was a visible defect, the height of the step is not a visible defect, and the court clearly found that the defect of the step was related to Hartford's building code. It was clearly erroneous for the court to find that the step was defective because its height was contrary to Hartford's building code without the building code being read or submitted into evidence. The record does not reflect that the court took judicial notice of Hartford's building code. Furthermore, Hartford's building code was never made part of the record, and, as a result, we are unable to take judicial notice of it. See *Young* v. *West Hartford*, 111 Conn. 27, 31, 149 A. 205 (1930).

The court found that the plaintiff's injury was caused as a result of the plaintiff's foot hitting the defective step. Therefore, the defect of the step was material to the court's holding. As a result, the court's improper finding with respect to the step tainted the court's ultimate determination. See *Blow* v. *Konetchy*, 107 Conn.

App. 777, 786, 946 A.2d 943 (2008). Because the court found that both defects on the property, the crack in the sidewalk and the height of the step, caused the plaintiff's injury, we are unable to sustain the judgment solely on the remaining defect found by the court, which is the crack in the sidewalk. Accordingly, the court's finding in regard to the step was clearly erroneous and material to the judgment, and, as a result, a new trial is warranted.

## II

Although our resolution of the issue addressed in part I of this opinion is dispositive of the appeal, we address the following claims raised because they are likely to arise again at the new trial.

## A

First, the defendant claims that the court improperly relied on a legal theory that was not pleaded by the plaintiff. Specifically, the defendant argues that the plaintiff did not rely on her possession and control of the premises as a theory of liability in his complaint, and, therefore, she did not have the opportunity to defend against the theory that she possessed and controlled the defective areas where the plaintiff tripped and fell. We disagree.

"The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . A complaint should fairly put the defendant on notice of the claims against him. . . . Thus, a plaintiff during trial cannot vary the factual aspect of his case in such a way that it alters the basic nature of the cause of action alleged in his complaint. . . . In other words, [a] plaintiff may not allege one cause of action and recover upon another." (Citations omitted; internal quotation marks omitted.) *Landry* v. *Spitz*, 102 Conn. App. 34, 41, 925 A.2d 334 (2007). "The

defendants' claim requires us to interpret the allegations of the plaintiff's complaint to determine what it fairly alleges and to compare those allegations with the court's judgment, as informed by the trial record. The interpretation of pleadings presents a question of law over which our review is plenary." Id.

The plaintiff's complaint alleged injury because of the defendant's negligence in maintaining and repairing the property. The defendant argues, in the alternative, that the plaintiff pleaded a legal theory of liability as it related solely to ownership of the property. She asserts that the court found liability as it related to possession and control without affording her the opportunity to defend herself against the theory at trial.

We first address the relevant legal principles. "In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury." *LaFlamme* v. *Dallessio*, 261 Conn. 247, 251, 802 A.2d 63 (2002). In the landlord-tenant context, "[t]he generally accepted rule imposing liability on a landlord is that it is the *duty* of a landlord to use reasonable care to keep in [a] reasonably safe condition the parts of the [property] over which he reserves control." *Dinnan* v. *Jozwiakowski*, 156 Conn. 432, 434, 242 A.2d 747 (1968). As a result, the element of duty in a negligence action against a landlord encompasses the issue of possession and control.

We have closely reviewed the plaintiff's complaint and conclude that by the plaintiff's having pleaded negligence, he also alleged the four elements of negligence. One of the elements of negligence is duty, which, in turn, encompasses possession and control. In addition, our review of the record reveals that the defendant had an opportunity at trial to defend against allegations that she possessed and controlled the property. The record

reveals that during the defendant's cross-examination of the plaintiff, the defendant elicited testimony with regard to repairs made on the property by the plaintiff. She further elicited that the plaintiff would make repairs on the property regardless if permission was given to him from the defendant or a member of the defendant's family. The defendant also elicited testimony that the plaintiff would make repairs to the property and deduct the cost of the repairs from his rent.

Although not expressly stated, the evidence presented before the court was relevant to the issue of whether the defendant or the plaintiff had a duty to maintain the premises, and, consequently, whether one of them had possession and control. Given the foregoing, the defendant cannot succeed on her claim that she was not given an opportunity to argue possession and control. It is clear that the plaintiff was challenging the defendant's actions or lack thereof under a theory of negligence. As a result, we are unable to see how the court's consideration of the theory caused the defendant to suffer any surprise or prejudice. See *Maloney* v. *PCRE, LLC*, 68 Conn. App. 727, 747–49, 793 A.2d 1118 (2002). Accordingly, the defendant's claim fails.

B

Last, the defendant claims that the court improperly found that she was in possession and control of the property. Specifically, she asserts that the court's finding that she was in exclusive possession and control of the property is unsupported by the evidence presented to the court and clearly erroneous. We disagree.

As noted previously in part I of this opinion, "[o]ur review of factual determinations requires that we do not attempt to retry a trial court's factual findings. Unless those findings are clearly erroneous, we do not disturb them." *Blow* v. *Konetchy*, supra, 107 Conn. App. 786.

In the amendment to the memorandum, the court found that the defendant was a landlord with control

over the defective areas that caused the plaintiff to fall and to sustain injuries. The court cited evidence that supported its finding. The evidence cited by the court consisted of documents that referenced the defendant as the landlord. It also consisted of documents showing that the defendant exerted control over the property, such as a court filing to evict the plaintiff or notice to quit possession. In addition, the court heard testimony from the plaintiff about letters requesting the defendant to make certain repairs on the property and admitted them into evidence. The plaintiff also testified that, if the defendant did not respond to his requests for repairs, he would occasionally take charge of having the repairs made and would deduct the cost of the repairs from his rent. The court found that the defendant never made assertions that the plaintiff was responsible for making the repairs and that he should cure any defects found on the property. The court ultimately found that the defendant was the landlord and in charge of the property.

The defendant argues that the court's finding is clearly erroneous and unsupported by the evidence. The defendant references a lease and testimony in evidence that conflicted with the court's finding. First, she references the lease that was in effect at the time the plaintiff fell on the property. She refers to a provision in the lease, entitled "Care of House." The provision provided in relevant part: "You/We will maintain the grounds and remove snow from walks and driveways." The defendant argues that the lease exemplified that the parties had joint control and possession of the area that caused the plaintiff to fall. Last, she references the plaintiff's testimony at trial. The plaintiff testified that he would make repairs and deduct the cost of the repairs from his rent. The defendant argues that the plaintiff's testimony illustrated that he had been in control over the property and was in the best position to maintain the property.

It is clear from the record that there was conflicting testimony and evidence before the court. Nonetheless, the court, as trier of fact, reasonably could have found that, despite the lease provision, the defendant was consistently responsible for the cost and repairs on the property. It would not be unreasonable for the court to have found that, although the plaintiff paid and took charge of having repairs made on the property, the cost was deducted from the rent and ultimately paid for by the defendant. As noted previously, the court, as trier of fact, is free to weigh conflicting evidence and to accept some, all or none of the testimony that is before it. See *Pellow* v. *Pellow*, supra, 113 Conn. App. 126. In light of the testimony and evidence presented at trial, we conclude that there was sufficient evidence that is legally and logically consistent with the court's finding that the defendant was in possession and control of the property. Accordingly, we can not conclude that the court's finding was clearly erroneous.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.