GIOVANNA NUZZO *v.* ALYSE NATHAN
(AC 30492)

Gruendel, Alvord and Pellegrino, Js.

Argued March 22—officially released August 10, 2010

*Jack G. Steigelfest*, for the appellant (defendant).

*Agustin Sevillano*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. In this extremely close case, the defendant, Alyse Nathan, appeals from the judgment of the trial court granting the motion of the plaintiff, Giovanna Nuzzo, to set aside the verdict reached by the jury in favor of the defendant. On appeal, the defendant claims that she presented sufficient evidence from which the jury reasonably and logically could have found that ice or salt on the road caused the vehicle she was driving to slide or skid and strike the plaintiff's vehicle. We agree and reverse the judgment of the trial court.

The jury reasonably could have found the following facts. On the morning of February 21, 2003, the defendant was driving along Route 7 in Wilton on her way to work. The traffic that morning was heavy and slow. Although there had been a significant snowstorm on February 17, 2003, it was not snowing or raining on the morning of February 21.

As the defendant continued on her way to work, she noticed the plaintiff's car attempting to merge onto Route 7. The defendant stopped her car to allow the plaintiff's vehicle to merge in front of her vehicle. As they traveled along Route 7, the defendant observed the brake lights on the plaintiff's vehicle, and others, activate in response to a red traffic signal. The defendant applied her car's brakes but was unable to come to a complete stop, and her car struck the plaintiff's vehicle. No other vehicles were involved in the collision. Following the collision, the plaintiff called the police, and an officer arrived shortly thereafter. The defendant's car was towed, and it was later determined that her car was totaled. Although the plaintiff's vehicle also was damaged, she was able to drive away from the scene.

On February 14, 2005, the plaintiff brought a negligence action against the defendant, seeking damages for personal injuries she allegedly had suffered in the collision. A jury trial followed, at the conclusion of which a verdict was returned in favor of the defendant. The court subsequently granted the plaintiff's motion to set aside the verdict, pursuant to Practice Book § 16-35, and rendered judgment in favor of the plaintiff. From that judgment, the defendant appeals.

In setting aside the verdict, the court found that there was no evidence to support a verdict in favor of the defendant. The court stated: "Given the defendant's own version of the manner in which the collision

occurred and the lack of any allegations regarding comparative negligence by the plaintiff, the court finds that [the] jury's verdict was incorrect in that it was contrary to the evidence presented at trial and contrary to the law stated in the trial court's jury instructions. The defendant introduced the topic of a slippery road surface into evidence as an explanation of why her vehicle slid. The defendant requested a jury instruction on skidding. Yet, the defendant was unable to present any evidence of a slippery substance on the road surface. This was not a shifting of the burden of proof to the defendant, as this explanation was offered by the defendant as to why she slid into the plaintiff's vehicle.

"It is inconceivable that given the defendant's testimony, the plaintiff's testimony and the contents of the police report that the jury determined that the plaintiff did not prove at least one allegation of negligence as charged by the court. There was no evidence of any slippery substance on the road. The evidence showed that the road was dry and the weather was clear. Despite the defendant's awareness of the red light, the heavy traffic and the lighted brakes of other vehicles, the defendant drove her vehicle into the rear of the plaintiff's vehicle. The plaintiff proved negligence by the defendant and that the defendant's negligence was the proximate cause of the collision. There was sufficient evidence as to how the accident happened. The jury heard what the defendant saw, and evidence of physical facts or lack thereof, which were introduced by the testimony of the defendant, the plaintiff and the report of the investigating officer. There is little doubt about the manner in which the accident occurred. The evidence was more than adequate to warrant the jury['s] finding by a fair preponderance of the evidence that the defendant was responsible in causing her car to take the course it did when it struck the rear of the plaintiff's vehicle. . . . The jury could have found from

the nature and the extent of the damage to the vehicles that the defendant was operating her car at an unreasonable speed given the circumstances prevailing at the date and time of the collision. The jury had extensive evidence that the defendant did not keep a proper lookout, did not keep her vehicle under reasonable control and was not driving a reasonable distance apart from the plaintiff's vehicle, and [that] the defendant proximately caused this collision. The jury had no evidence of a substance on the roadway that caused the defendant to slide or skid other than the testimony of the defendant, who admitted she saw no such substance at the subject location and her conjecture that there must have been something that caused her vehicle to slide or skid." (Citation omitted.)

We begin by setting forth our standard of review. "In reviewing a trial court's decision to set aside a jury verdict, we must consider the evidence in the light most favorable to the party who succeeded before the jury. . . . While an appellate court must give great weight to a trial court's decision to set aside a verdict, an appellate court must carefully review the jury's determinations and evidence, given the constitutional right of litigants to have the issues decided by a jury. Great weight should be given to the action of the trial court and the presumption is that a verdict is set aside only for good and sufficient reason. However, the record must support that presumption and indicate that the verdict demonstrates more than poor judgment on the part of the jury." (Internal quotation marks omitted.) *Downes-Patterson Corp.* v. *First National Supermarkets, Inc.*, 64 Conn. App. 417, 425, 780 A.2d 967, cert. granted on other grounds, 258 Conn. 917, 782 A.2d 1242 (2001) (appeal dismissed June 25, 2002).

"[The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and

should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles . . . . Ultimately, [t]he decision to set aside a verdict entails the exercise of a broad legal discretion . . . that, in the absence of clear abuse, we shall not disturb." (Internal quotation marks omitted.) *Viejas Band of Kumeyaay Indians* v. *Lorinsky*, 116 Conn. App. 144, 170, 976 A.2d 723 (2009).

On appeal, the defendant claims that the court improperly set aside the jury verdict. Specifically, the defendant contends that she presented sufficient evidence from which the jury reasonably and logically could have found that ice or salt on the road caused her car to slide or skid into the plaintiff's vehicle. She further asserts that by setting aside the verdict, the court improperly invaded the exclusive province of the jury to make reasonable inferences from the evidence presented. We agree.

Our review of the record reveals that the jury had before it conflicting evidence from which it reasonably could have found either that there was or was not ice or salt on the road. On the one hand, there was the testimony of the plaintiff, who stated that she did not remember seeing any ice or salt on the road at the time of the accident, and a police report that indicated that the weather was clear and the road dry. On the other hand, the defendant presented a weather report indicating that at the time of the accident, there were approximately thirteen inches of snow and ice cover on exposed, untreated, undisturbed outdoor surfaces in the vicinity of Route 7. The report further revealed that there were intervening melting and freezing conditions from February 17 to 21, 2003. Additionally, although the defendant admitted that she did not examine the road surface at the exact spot of the accident, she testified that her vehicle had slid or skidded on ice or salt

when she applied her car's brakes.[1] The following collo-
quy transpired:

"[The Plaintiff's Counsel]: So, as we sit here today,
I know you're telling us you may have slid on ice or
salt, but you're really not sure?

"[The Defendant]: No. I did slide on a substance. I
can't tell you if it was ice or salt. I know I slid."

When reviewing whether the court properly set aside
the jury verdict, our standard directs that we must
examine whether there was some evidence on which
the jury reasonably could have based its verdict. See
*Murdock* v. *Croughwell*, 268 Conn. 559, 565, 848 A.2d
363 (2004). "[A] jury may make all inferences and con-
clusions which, in their judgment and discretion, may
logically and reasonably be drawn from the facts in
evidence. . . . The test is, not that the inference must
unavoidably and unerringly point in one direction, but,
rather, whether the rational mind could with reason-
ableness draw the inference. . . . If two rational minds
could reasonably draw different inferences from facts
in evidence, whether controverted or uncontroverted,
the decision is for the jury." (Internal quotation marks
omitted.) *Magnon* v. *Glickman*, 185 Conn. 234, 239, 440
A.2d 909 (1981); see *Campbell* v. *Palmer*, 20 Conn. App.
544, 549, 568 A.2d 1064 (1990) ("[p]roof by circumstan-
tial evidence is sufficient where rational minds could
reasonably and logically draw the inference" [internal
quotation marks omitted]); see also *State* v. *Hart*, 118
Conn. App. 763, 778, 986 A.2d 1058 ("there is no legal
distinction between direct and circumstantial evidence
so far as probative force is concerned"), cert. denied,
295 Conn. 908, 989 A.2d 604 (2010). Here, based on the
defendant's testimony and the weather report, the jury
reasonably could have inferred that the defendant's car

---

[1] Although this evidence was at best scanty, it was evidence that the jury
could have considered.

slid on ice or salt and crashed into the plaintiff's car. It was the exclusive province of the jury to weigh the conflicting evidence and to determine whether there was ice or salt on the road, and, if so, whether it caused the defendant's car to strike the plaintiff's vehicle. See *Stein* v. *Tong*, 117 Conn. App. 19, 24, 979 A.2d 494 (2009). We, therefore, conclude that the court improperly set aside the verdict.

The judgment is reversed and the case is remanded with instruction to render judgment consistent with the jury verdict in favor of the defendant.

In this opinion the other judges concurred.