W. JAMES RICE *v.* HOUSING AUTHORITY
OF THE CITY OF MERIDEN ET AL.
(AC 31236)

Robinson, Bear and West, Js.

Argued October 27, 2010—officially released June 28, 2011

*Leon M. Rosenblatt*, for the appellant (plaintiff).

*Barry T. Pontolillo*, for the appellee (defendant Barry T. Pontolillo).

*Opinion*

BEAR, J. The plaintiff, W. James Rice, appeals from the judgment of the trial court setting aside the verdict of the jury and rendering judgment in favor of the defendant Barry T. Pontolillo.[1] On appeal, the plaintiff claims

---

[1] The named defendant, the housing authority of the city of Meriden, is not a party to this appeal. Several other parties also were named as defendants but were removed prior to trial and are not relevant to this appeal. Consequently, we refer to Pontolillo as the defendant.

that the court abused its legal discretion by improperly setting aside the jury verdict in favor of the plaintiff on his claim against the defendant for tortious interference with contractual and beneficial relations. Specifically, the plaintiff asks us to determine: "Did the trial court err in holding that the jury could not reasonably have decided that Barry T. Pontolillo's actions were a contributing proximate cause of Rice's termination from the Meriden Housing Authority?" To answer this question, it is necessary for us to review all of the testimony and other evidence placed before the jury at trial. However, notwithstanding the requirements of our rules and the experience of the plaintiff's counsel, counsel did not file with his appellate brief either the written or electronic versions of the trial transcripts, both of which are necessary to provide an adequate record for our review in this appeal, nor did he take any steps after the filing of his brief or after oral argument, and prior to this opinion, to seek to obtain late permission to supplement the record before us. Therefore, although the plaintiff's claim as presented in his brief and at oral argument may be colorable, because the record is inadequate for our review, we are unable to determine whether the evidence supports his arguments. Accordingly, we affirm the judgment of the trial court.

The following facts and procedural history are relevant to our conclusion. The jury found in favor of the plaintiff on his claim for tortious interference with contractual and beneficial relations against the defendant, and it awarded the plaintiff $671,036 in damages. The jury also awarded $1 in emotional distress damages and stated on the verdict form that an award of punitive damages was warranted. In response to the verdict, the defendant filed a motion for a "directed verdict, to set aside the verdict, or to grant a new trial." By memorandum of decision filed March 27, 2009, the court granted the defendant's motion to set aside the verdict, holding

that the defendant did not cause or bring about the plaintiff's job loss. This appeal followed.

After the parties filed their appellate briefs and the case was argued before this court, the panel, upon receiving the appellate record from our clerk's office, determined that there were no transcripts in the record. After contacting the appellate clerk's office, this court discovered that the plaintiff's counsel had filed a statement with our clerk's office stating that it was not necessary for him to file a transcript order form, JD-ES-38, in accordance with Practice Book § 63-8 (a)[2] because he already had obtained a transcript and would be filing that transcript himself. The plaintiff's counsel failed, however, to file a paper or electronic transcript of the proceedings before the trial court when he filed his appellate brief in April, 2010, in violation of Practice Book § 63-8 (e) (1) ("appellant is required, either before or simultaneously with the filing of the appellant's brief, to file with the appellate clerk one unmarked, nonreturnable copy of the transcript"). At this court's request, the appellate clerk's office notified counsel of his failure to adhere to our rules of practice. On December 30, 2010, counsel delivered seventeen volumes of the paper transcript to the appellate clerk's office but did not file an electronic version of the transcript as required by Practice Book § 63-8A.[3]

---

[2] Practice Book § 63-8 (a) provides in relevant part: "[T]he appellant shall . . . order . . . from the official reporter a transcript and an electronic version of a transcript of the parts of the proceedings not already on file which the appellant deems necessary for the proper presentation of the appeal. . . ."

[3] Practice Book § 63-8A provides in relevant part: "(a) Any party ordering a transcript of evidence as part of an appeal, a writ of error, or a motion for review shall, at the same time, order from the court reporter an electronic version of the transcript. If the party already has the transcript to be submitted to the court, the party shall order an electronic version of the transcript within the period specified by these rules for the ordering of a transcript. . . ."

We note that on his statement that it was not necessary for him to file a transcript order form, the plaintiff's counsel stated that the Meriden housing

Upon receiving notice that the plaintiff's counsel had filed the paper transcripts, the defendant, on January 7, 2011, moved to strike them as untimely,[4] citing in part to Practice Book § 61-10.[5] In response to the defendant's motion to strike the transcripts, the plaintiff's counsel filed an untimely "response," in which counsel merely stated that he "simply did what the court instructed him to do—to bring in and deposit copies of the trial transcript." The plaintiff's counsel did not offer any objection to the motion to strike and provided no explanation as to why the transcript was not timely filed, why he failed to comply with the rules and why he did not ask that we excuse his failure to do so. As a result, we granted the defendant's motion to strike the transcripts.

"In reviewing a trial court's decision to set aside a jury verdict, we must consider the evidence in the light most favorable to the party who succeeded before the jury. . . . While an appellate court must give great weight to a trial court's decision to set aside a verdict, an appellate court must carefully review the jury's determinations and evidence, given the constitutional right of litigants to have the issues decided by a jury. Great

authority would be filing an electronic version of the transcript of the proceedings in its separate appeal and that, therefore, we would have both types of transcripts available for review in this appeal. The Meriden housing authority, however, withdrew its appeal, and no transcript, electronic or paper, was filed in that case.

[4] The failure of the plaintiff's counsel to file the transcript in a timely manner would have been deemed waived had the defendant's counsel not objected to the untimely filing via the motion to strike. See *LaReau* v. *Reincke*, 158 Conn. 486, 493–94, 264 A.2d 576 (1969).

[5] Practice Book § 61-10 provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

weight should be given to the action of the trial court and the presumption is that a verdict is set aside only for good and sufficient reason. However, the record must support that presumption and indicate that the verdict demonstrates more than poor judgment on the part of the jury." (Internal quotation marks omitted.) *Nuzzo* v. *Nathan*, 123 Conn. App. 114, 118, 1 A.3d 267 (2010), quoting *Downes-Patterson Corp.* v. *First National Supermarkets, Inc.*, 64 Conn. App. 417, 425, 780 A.2d 967, cert. granted, 258 Conn. 917, 782 A.2d 1242 (2001) (appeal dismissed June 25, 2002). "[The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach [its] conclusion . . . ." (Internal quotation marks omitted.) Id., 118–19.

After thoroughly reviewing the briefs, arguments and the record properly before us, we conclude that we are unable to determine the merits of the plaintiff's claim without the benefit of the transcripts of the proceedings, there being no way in their absence for us to examine fully the evidence that was before the jury in this case.

The judgment is affirmed.

In this opinion the other judges concurred.