MAURICE J. CUNNIFFE *v*. SUSAN O'HARA CUNNIFFE
(AC 33056)

Robinson, Espinosa and Sheldon, Js.

Argued November 15, 2012—officially released March 12, 2013

*David V. DeRosa*, for the appellant (defendant).

*John F. Lambert*, for the appellee (plaintiff).

### Opinion

ROBINSON, J. The defendant in this summary process action, Susan O'Hara Cunniffe, also known as Susan O'Hara, appeals from the trial court's judgment of possession rendered in favor of the plaintiff, Maurice J. Cunniffe. The dispositive issue on appeal is whether the court improperly denied the defendant's motion for continuance to allow for production, pursuant to a properly served subpoena duces tecum, of a trust

document bearing critically upon the plaintiff's standing to prosecute this action.[1] We reverse the judgment of the trial court.[2]

The following facts and procedural history are relevant to this appeal. On August 25, 2010, the plaintiff served the defendant with a notice to quit possession of the premises located at 65 John Street in Greenwich (property) on the grounds of (1) termination of her original right of privilege to occupy the premises, (2) lapse of time[3] and (3) unauthorized occupancy. On September 3, 2010, the plaintiff commenced this summary

[1] We note that although the defendant states as the third issue in her statement of the issues on appeal, that the court abused "its discretion in not ordering the production of the Jane [M.] Cunniffe Irrevocable Trust that undersigned counsel subpoena[ed] from [the plaintiff]," her argument in her brief is not consistent with her statement of that issue or its heading. Rather, her discussion of the legal claim challenges the court's denial of her motion for continuance. "[W]e will nonetheless review all claims which are fairly presented, or at least, reasonably discernible, upon the record before us"; (internal quotation marks omitted) McCook v. Whitebirch Construction, LLC, 117 Conn. App. 320, 322 n.3, 978 A.2d 1150 (2009), cert. denied, 294 Conn. 932, 987 A.2d 1029 (2010); as long as they do not prejudice the other party. See Stein v. Tong, 117 Conn. App. 19, 21 n.1, 979 A.2d 494 (2009) (addressing claim not raised in preliminary statement of issues or statement of issues in brief where both parties briefed and argued issue). In light of the fact that the plaintiff fully addressed the substance of the defendant's claim both in his reply brief and at oral argument before this court, we conclude that the plaintiff would not be prejudiced by our review of this claim. Additionally, we have reframed the issue so that it better represents the defendant's claim on appeal. See Mercer v. Champion, 139 Conn. App. 216, 222 n.8, 55 A.3d 772 (2012).

[2] The defendant also claims that the court improperly concluded that a grammatical error in the notice to quit possession was not a substantive defect. Because we hold that the court improperly failed to grant a continuance to allow for compliance with the subpoena duces tecum and, accordingly, reverse the judgment of the court on that ground, we need not reach that claim.

Finally, the defendant claims that the plaintiff did not have standing to bring the summary process action in his personal capacity. Because our reversal requires further factual findings by the trial court to determine whether the plaintiff has standing, we do not resolve the merits of this claim.

[3] The notice to quit possession stated the second ground as "[l]ease of time." In its memorandum of decision, however, the court stated that "it is

process action in his personal capacity on the ground of lapse of time. The defendant filed an answer, denying the plaintiff's claims against her. She also pleaded as a special defense that the plaintiff lacked standing to evict her from the property in his personal capacity because the property was owned by a trust whose beneficiary and equitable owner was Mark C. Cunniffe, the plaintiff's son and defendant's husband.

Prior to the summary process trial, the defendant served on the plaintiff a subpoena duces tecum that required him to produce the "Jane M. Cunniffe Irrevocable Trust Instrument."[4] The trial began on November 9, 2010, and the plaintiff testified on his own behalf. On direct examination, the plaintiff testified that he and his late wife, Jane Cunniffe, jointly acquired the property in 1974, but that approximately one week before her death, which occurred on October 30, 2008, he quitclaimed his interest in the property to his wife. He explained that "we moved the property into a trust so that I would get the benefit of the tax step-up when she did pass away." The plaintiff submitted as evidence a copy of his wife's will, the deed transferring his interest in the property to his wife and a copy of his appointment as executor of his wife's estate. After the deed was admitted as an exhibit, the court asked why the plaintiff referred to a trust. The plaintiff's counsel stated, "I don't know why he did that" and "[h]e's rather mistaken, but I just wanted to straighten that out."

Shortly after the defendant's counsel began to cross-examine the plaintiff, the court halted the proceedings and asked the parties to submit briefs on the issue of

clear from the evidence that [the] defendant understood it to mean lapse of time, and that this misspelling was a grammatical error."

[4] The court and the parties alternately referred to the trust as the "Jane Cunniffe Irrevocable Trust," the "Jane Cunniffe Trust" and the "Jane M. Cunniffe Irrevocable Trust." For consistency, we will refer to the trust as the Jane M. Cunniffe Irrevocable Trust.

whether the plaintiff had standing to bring this summary process action in his personal capacity as devisee under his wife's will or whether he could only bring the action in his representative capacity as executor of the estate. It then rescheduled the trial to resume on December 23, 2010. On December 23, 2010, the court initially heard argument from both parties as to whether the plaintiff could bring the action in his personal capacity.[5] It ultimately concluded that it was "satisfied that [the plaintiff] is the title owner and therefore had a right to bring the eviction action in his personal name."

After the court's ruling, the defendant's counsel resumed his cross-examination of the plaintiff. During cross-examination, the plaintiff gave conflicting testimony as to the ownership of the property, stating, variously, that he did not know if the property was in a trust or in the estate, that the property might have been transferred into a trust, that the property was not in a trust and that, in a prior hearing, he had testified that he did not know if the property had been transferred into the Jane M. Cunniffe Irrevocable Trust. Between both days of his cross-examination, the defendant's counsel elicited from the plaintiff that he was the trustee for many trusts, that no inventory of the estate had been completed, that he was unaware of whether a certificate of devise had been issued and that he had not yet filed a tax return with respect to the property.

When the defendant's counsel sought to mark the subpoena duces tecum as an exhibit, the court began to question both counsel and the plaintiff regarding the contents of and service of the subpoena. After the plaintiff testified that he did not receive the subpoena,

[5] For the purposes of the briefs requested by the court, the defendant assumed that the property was part of the estate. Notwithstanding that assumption, she asserted that the property was in a trust, not part of the estate, and reserved the right to challenge the plaintiff's assertion that the property was part of the estate.

the defendant's counsel asked for a continuance so that the plaintiff could provide the trust document to the court. The court then asked the defendant for evidence that the Jane M. Cunniffe Irrevocable Trust existed. After the defendant's counsel provided the court with a document that confirmed the existence of the trust, the court twice asked how that document related to the property. When the defendant's counsel explained that the document proffered was in response to the court's request for evidence that the trust existed, the court stated, "I don't want you to demonstrate a document that has no relevance or pertinence to the property in question," and asked for the trust document. The defendant's counsel then explained that the trust document was the record that he had subpoenaed. He continued, stating that he was "just trying to look at the document. And maybe it will determine, it would be of some benefit to my client because we are under the impression [that] this property is in a trust. We stand by that position and that will be our position at the end of this case. Your Honor can rule against us, but it is . . . our position that this property is in a trust and that . . . [the defendant] has exclusive possession and [is] the beneficiary of the property. It's [the plaintiff's] son. And [the defendant] therefore has a right to remain on the property." The court responded that it was "a very nice statement" and that "if it's supported by evidence, then it would be relevant."

When questioned about how the defendant knew that the trust contained the property, the defendant's counsel explained that the defendant, based on knowledge gained after ten years of marriage to the plaintiff's son, believed that the property was in the trust and that counsel needed to subpoena the document because "trusts are private documents. . . . There's no public record of these documents outside of [the defendant's] knowledge." The court then questioned the plaintiff

about whether he knew if his wife had placed the property into a trust. When the plaintiff answered in the negative, the court refused to grant the continuance. After the defendant's counsel completed his cross-examination of the plaintiff, the defendant testified and both parties made closing arguments.

In its memorandum of decision, the court found that the plaintiff was the sole owner of the property, having become the owner when his wife died in October, 2008. In support of that finding, the court noted that "the defendant failed to prove that the property is owned or held in trust by any other person. Furthermore, the defendant failed to show [that] anyone has an equal or superior interest in the property to the plaintiff." Determining that the "service of the notice to quit on August 25, 2010 was the only notice [the plaintiff] was required to provide to the [defendant]," the court, accordingly, rendered "judgment for possession in favor of the plaintiff on the ground of lapse of time." This appeal followed.

In her appeal to this court, the defendant claims that the court erred when it failed to grant the motion for continuance to allow the plaintiff to comply with the subpoena duces tecum. She maintains that the court acted improperly not only because the plaintiff made conflicting statements as to whether the property was in a trust and the defendant produced evidence that a trust existed, but also because the content of the trust document went to the crux of the defendant's defense, namely, that the plaintiff lacked standing to file a summary process action in his personal capacity because the property was held in a trust, and there was no other way to determine if the property was in the trust. We agree that the court should have granted a limited continuance to allow the plaintiff to comply with the subpoena.[6]

---

[6] The defendant's additional claim that the court "inappropriately placed the burden on [her] to demonstrate the relevance of [the] trust document"

We first note our standard of review. "A trial court holds broad discretion in granting or denying a motion for a continuance. Appellate review of a trial court's denial of a motion for a continuance is governed by an abuse of discretion standard that . . . affords the trial court broad discretion in matters of continuances. . . . An abuse of discretion must be proven by the appellant by showing that the denial of the continuance was unreasonable or arbitrary." (Internal quotation marks omitted.) *Cote* v. *Machabee*, 87 Conn. App. 627, 633, 866 A.2d 639 (2005). "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. . . . There are several factors that the trial court may consider in exercising its discretion. The factors include the timeliness of the request for continuance; the likely length of the delay; the age and complexity of the case; the granting of other continuances in the past; the impact of delay on the litigants, witnesses, opposing counsel and the court; the perceived legitimacy of the reasons proffered in support of the request; the defendant's personal responsibility for the timing of the request; [and] the likelihood that the denial would substantially impair the defendant's ability to defend himself . . . . [A]n appellate court should limit its assessment of the reasonableness of the trial court's exercise of its discretion to a consideration of those factors, on the record, that were presented to the trial court, or of which that court was aware, at the time of its ruling on the motion for a continuance." (Internal quotation marks omitted.) *State* v. *Jennings*, 125 Conn. App. 801, 820, 9 A.3d 446 (2011).

is without merit. "The proffering party bears the burden of establishing the relevance of offered evidence." *State* v. *Crespo*, 114 Conn. App. 346, 362, 969 A.2d 231 (2009), aff'd, 303 Conn. 589, 35 A.3d 243 (2012). This argument, however, has no bearing on our analysis of the claim.

"In the event that the trial court acted unreasonably in denying a continuance, the reviewing court must also engage in harmless error analysis. . . . [I]n order to establish reversible error in nonconstitutional claims, the defendant must prove both an abuse of discretion and harm . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Coney*, 266 Conn. 787, 802, 835 A.2d 977 (2003).

Practice Book § 13-2 provides in relevant part: "In any civil action . . . where the judicial authority finds it reasonably probable that evidence outside the record will be required, a party may obtain in accordance with the provisions of this chapter . . . production and inspection of papers, books, documents and electronically stored information material to the subject matter involved in the pending action . . . whether the discovery or disclosure relates to the . . . defense of the party seeking discovery . . . and which are within the knowledge, possession or power of the party or person to whom the discovery is addressed. Discovery shall be permitted if the disclosure sought would be of assistance in the . . . defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure. It shall not be a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence . . . ." Our Supreme Court has noted that "[a] subpoena is an appropriate process for the production of documents that are relevant to the matter before the court." (Internal quotation marks omitted.) *State* v. *Montgomery*, 254 Conn. 694, 728, 759 A.2d 995 (2000).

In the present case, the court was aware that the defendant's sole defense was that the property was held in a trust and, therefore, that the plaintiff could not bring a summary process action with respect to the

property in his personal capacity. The defendant's counsel had subpoenaed the plaintiff and directed him to bring the trust document to court prior to the first day of the hearing. The subpoena was served on November 7, 2010, two days before the first day of the hearing. On December 23, 2010, when the defendant's counsel learned that the plaintiff had not received the subpoena, he immediately asked for a continuance to allow the plaintiff to obtain the trust document. The plaintiff's counsel did not move to quash the subpoena.

When questioned by the court, the defendant provided evidence that the trust existed, explained why the defendant believed that the property was in the trust and explained why the document needed to be subpoenaed. Moreover, the defendant's counsel elicited from the plaintiff conflicting testimony as to whether the property was in a trust and an acknowledgment that no inventory of the estate had been completed, that he was unaware of whether a certificate of devise had been issued and that he had not filed a tax return with respect to the property. Thus, the defendant demonstrated through competent evidence that verification of whether the property was in the trust could not be established through any other document.

Given the circumstances, and in light of the previously noted factors, it was unreasonable for the court not to allow the defendant a limited continuance so that the plaintiff could produce the trust document. Because the evidence sought by the court[7]—proof that

---

[7] After the defendant produced a document proving the existence of the Jane M. Cunniffe Irrevocable Trust and proffered reasons why she needed the trust in order to prove her case, the court made the following statement: "You have not offered me any proof other than your bare assertion that [the property] was subject to an irrevocable trust executed by the decedent during her lifetime and I don't have anything in the will. I don't have any other document that in any way modified the deed from [the plaintiff] to his wife and that she passed away. So, what do you want me to do?"

the property was in the Jane M. Cunniffe Irrevocable Trust—could be obtained only by the production of the trust document, the contents of which were reasonably calculated to lead to admissible evidence as to whether the plaintiff had standing to bring this action in his personal capacity, we conclude that the court abused its discretion in denying the motion for a continuance.

Moreover, the defendant was harmed by the denial of the motion. Throughout the pendency of the action, the defendant maintained, as her sole defense, that the plaintiff did not have standing to bring the summary process action in his own name because he was not the owner of the property. Rather, she claimed, the property was held in trust, with her husband as the beneficiary. Because the will contained a general, not specific, devise of property, the estate was still pending, no inventory of the estate had been completed, the plaintiff was not aware of a certificate of devise being filed, no tax forms had been filed and no deed transferring the property from the plaintiff's wife to the trust had been recorded, the only way that the defendant could prove if the property was in the trust was through production of the trust document. The information contained in the trust document related to the defendant's defense, was within the power of the plaintiff, as trustee, to obtain and could not have been obtained by the defendant by any other means. By not granting the defendant a continuance to gain access to the trust document, the defendant was impaired in her ability to establish her defense. Accordingly, the court's failure to grant the continuance was harmful.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.