******************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

WAYNE MARGARUM, SR. *v.* DONUT
DELIGHT, INC., ET AL.
(AC 43696)

Prescott, Cradle and DiPentima, Js.

*Syllabus*

The plaintiff, a business invitee of the defendants, sought to recover damages
for personal injuries he sustained when he allegedly slipped and fell on
an accumulation of ice on a sidewalk or parking area maintained and
controlled by the defendants. The plaintiff thereafter withdrew his com-
plaint as against the named defendant. Following a jury verdict and
judgment in favor of the defendant S Co., the plaintiff appealed to this
court. *Held* that the record was inadequate to review the plaintiff's claim
that the trial court erred in denying his motion to set aside the verdict,
the plaintiff having failed to order or otherwise provide this court with
transcripts of the evidentiary portion of the trial proceedings in accor-
dance with the applicable rules of practice (§§ 61-10 (a) and 63-8 (a));
moreover, this court declined to review the plaintiff's inadequately
briefed claim that the court erred in denying his request for supplemental
jury interrogatories and deemed the claim abandoned.

Argued October 21, 2021—officially released February 8, 2022

*Procedural History*

Action to recover damages for personal injuries sus-
tained by the plaintiff as a result of the defendants'
alleged negligence, brought to the Superior Court in
the judicial district of Stamford-Norwalk, where the
action was withdrawn as against the named defendant;
thereafter, the matter was tried to the jury before *Kru-
meich, J.*; subsequently, the court denied the plaintiff's
motion to submit supplemental or amended jury inter-
rogatories; verdict for the defendant Square Acre
Realty, LLC; thereafter, the court denied the plaintiff's
motion to set aside the verdict and rendered judgment
in accordance with the verdict, from which the plaintiff
appealed to this court; subsequently, Arlene S. Marg-
arum, executrix of the estate of Wayne Margarum, Sr.,
was substituted as the plaintiff. *Affirmed.*

*Bruce J. Corrigan, Jr.*, for the appellant (substitute
plaintiff).

*Laura Pascale Zaino*, with whom was *Jennifer L.
Booker*, for the appellee (defendant Square Acre
Realty, LLC).

*Opinion*

PER CURIAM. The original plaintiff, Wayne Margarum, Sr.,[1] who claimed that he fell and injured himself on an icy sidewalk while exiting a donut shop operated by Donut Delight, Inc. (Donut Delight), at premises owned by the defendant Square Acre Realty, LLC (Square Acre), appeals from the judgment of the trial court, rendered following a jury trial, in favor of the defendant.[2] The plaintiff claims that the court improperly (1) denied a motion to set aside the verdict returned by the jury because the verdict "shocks the conscience" and is "manifestly unjust and palpably against the evidence," and (2) denied a motion to submit supplemental or amended interrogatories to the jury after the jury initially reported that it was "deadlocked" in its attempt to answer jury interrogatories and was unable to reach a verdict. In addition to responding to the plaintiff's claims on their merits, the defendant argues that the plaintiff's failure to provide this court with the transcripts from the evidentiary portion of the trial precludes this court from reviewing the court's ruling on the motion to set aside the verdict and that the second claim is inadequately briefed. We agree with the defendant that the record is inadequate to review the plaintiff's first claim and that the plaintiff has inadequately briefed her claim regarding supplemental jury interrogatories. Accordingly, we decline to review the plaintiff's claims and affirm the judgment of the court.

The gravamen of the plaintiff's first claim is that the jury's factual finding, as reflected in its response to jury interrogatories, that the sidewalk in front of Donut Delight was not in a defective and unreasonably dangerous condition to business invitees such as the original plaintiff, was "palpably against the evidence" presented at trial and, thus, the court should have granted the original plaintiff's motion to set aside the jury's verdict. In order to properly address that claim, however, it is necessary to review all of the evidence, including relevant witness testimony, presented to the jury. See *Gagliano* v. *Advanced Specialty Care, P.C.*, 329 Conn. 745, 754, 189 A.3d 587 (2018) (appellate review of evidentiary soundness of jury verdict requires court to consider totality of evidence presented); *Rice* v. *Housing Authority*, 129 Conn. App. 614, 619, 20 A.3d 1270 (2011) (this court stated in appeal from denial of motion to set aside verdict that "we are unable to determine the merits of the plaintiff's claim without the benefit of the transcripts of the proceedings, there being no way in their absence for us to examine fully the evidence that was before the jury in this case").

The plaintiff failed to order or otherwise provide this court with transcripts of the evidentiary portion of the trial proceedings, thus rendering impossible any meaningful evaluation of the entirety of the evidence presented to the jury. The only transcripts provided by the

plaintiff were of proceedings that occurred after the matter was submitted to the jury for deliberation, in which the court addressed questions posed by the jury and the original plaintiff's motion to submit supplemental or amended jury interrogatories. Practice Book § 61-10 (a) provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire record is complete, correct and otherwise perfected for presentation on appeal." Practice Book § 63-8 (a) provides in relevant part that "the appellant shall . . . order . . . from an official court reporter a transcript of the parts of the proceedings not already on file [that] the appellant deems necessary for the proper presentation of the appeal. . . ." As we have repeatedly stated, "[o]ur role is not to guess at possibilities, but to review claims based on a complete factual record . . . . If an appellant fails to provide an adequate record, this court may decline to review the appellant's claim." (Citation omitted; internal quotation marks omitted.) *Berger* v. *Deutermann*, 197 Conn. App. 421, 427, 231 A.3d 1281, cert. denied, 335 Conn. 956, 239 A.3d 318 (2020). On the basis of the record before us, we simply have no way to assess whether, as the plaintiff claims, the jury's verdict was "palpably against the evidence." Because the plaintiff failed to meet her burden of providing us with an adequate record for review, we do not consider the plaintiff's first claim.

We also decline to review the plaintiff's second claim regarding the court's denial of the original plaintiff's request for supplemental jury interrogatories because that claim is inadequately briefed. "We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (Internal quotation marks omitted.) *Bisson* v. *Wal-Mart Stores, Inc.*, 184 Conn. App. 619, 642, 195 A.3d 707 (2018). The scant seven sentences devoted to this claim in the plaintiff's brief are devoid of any cogent analysis and contain no discussion or citation to any relevant legal authority. Accordingly, we deem the plaintiff's second claim abandoned.

The judgment is affirmed.

[1] During the pendency of the appeal, the original plaintiff died. The appeal was stayed pursuant to General Statutes § 52-599 until the executrix of

the plaintiff's estate, Arlene S. Margarum, was substituted for the original plaintiff. We refer to substitute plaintiff herein as the plaintiff and to Wayne Margarum, Sr., as the original plaintiff.

[2] Donut Delight originally was also a named defendant in the underlying action, but it entered into a settlement agreement with the original plaintiff prior to trial, and he withdrew the complaint against it. Square Acre filed a third-party complaint for indemnification against Alert Security Plus, LLC (Alert Security), the company that allegedly provided snow removal services at the subject premises, and Alert Security filed counterclaims against Donut Delight and Square Acre. Prior to trial, however, Square Acre withdrew its third-party complaint, and Alert Security withdrew its counterclaims. Thus, all references to the defendant in this opinion are to Square Acre only.

---